IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT
OF APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE,
RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND
LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN
PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, JEFFREY N. POMERANTZ, ESQUIRE, declare under penalty of perjury as follows:

1. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), located at 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, and have been duly admitted to practice law in the State of California, States District Court for the District of California, among other jurisdictions. This Declaration is submitted in support of the *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and*

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205); Outdoor Direct Corporation f/k/a The Brinkmann Corporation (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

*Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Application"), which is being submitted concurrently herewith.[2]

2. Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors (the "Debtors"), their creditors or any other parties in interest herein, or their respective attorneys, except as set forth below.

3. The Debtors have and will retain various professionals during the pendency of these cases, including Aurora Management Partners, LLC and Piper Jaffray & Co. The Debtors may retain other professionals after the date hereof (the "Petition Date"). PSZ&J has previously worked and will continue to work with these referenced professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

4. PSZ&J represents many committees whose members may be creditors in the Debtors' chapter 11 cases. However, PSZ&J is not representing any of those entities in these cases and will not represent any members of the committees it currently represents in any claims that they may have collectively or individually against the Debtors.

5. PSZ&J is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that PSZ&J, its partners, of counsel and associates:

    a. are not creditors, equity security holders or insiders of the Debtors;

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

DOCS_DE:202392.1 10821/001

b.     are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtors; and

c.     do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6.     To the best of my knowledge, neither I, nor any partner or associate of PSZ&J, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person employed in the office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

7.     PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $1,445,446.20, including the Debtors' filing fees for these cases, in connection with the preparation of initial documents and the prepetition representation of the Debtors. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation as of the Petition Date. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

8.     Bankruptcy Rule 2014 requires that an application for employment under section 327 disclose all connections with the Debtors, the estates, the professionals and the Office of the Trustee. The Firm, therefore, discloses its known connections herein.

9.     The Firm has represented Summit Investment Management LLC ("Summit"), an affiliate of DMC Acquisition Holdings, LLC, the stalking horse bidder for Debtor National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc.,

3

DOCS_DE:202392.1 10821/001

in connection with cases wholly unrelated to the Debtors' chapter 11 cases. Revenues from this unrelated representation are a negligible part of the Firm's total revenues (less than $25,000 year to date). The Firm does not represent Summit or its affiliates in these cases and will not represent Summit or its affiliates in these cases. PSZ&J and certain of its partners, of counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases. At this time, PSZ&J is not aware of any other adverse interest or other connection with the Debtors, their creditors, the U.S. Trustee or any party-in-interest herein in the matters upon which PSZ&J is to be retained. PSZ&J, however, will be in a better position to identify with specificity any such persons or entities when lists of all creditors of the Debtors have been reviewed and will make any further disclosures as may be appropriate at that time.

10. The Firm has made the following investigation of disinterestedness prior to submitting this Declaration. The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of the Firm, under my supervision, entered the names of: (i) the Debtors, (ii) the Debtors' equity owners, (iii) the Debtors' known directors

4

and officers, (iv) the Debtors' known secured creditors, (v) the Debtors' landlords, (vi) the Debtors' restructuring and other related professionals, (vii) the general unsecured creditors of the Debtors as disclosed in filings with the Court, as well as, (viii) other parties in interest (collectively, the "Potential Parties in Interest"). A list of the Potential Parties in Interest is attached hereto as Exhibit 1.

11. While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should the Firm, through its continuing efforts or as these cases progress, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

12. PSZ&J intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegals designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| d. | Jeffrey N. Pomerantz | $895.00 |
| e. | Maxim B. Litvak | $795.00 |
| f. | Joshua M. Fried | $750.00 |
| g. | Michael R. Seidl | $675.00 |
| h. | Paralegals | $295.00 |

13. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters described herein.

14. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature and are subject to periodic adjustment. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and in compliance with this Court's rules. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15. Pursuant to the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "<u>2013 UST Guidelines</u>"), the Firm makes certain disclosures herein.

6

16.     Pursuant to Part D1 of the 2013 UST Guidelines, PSZ&J is seeking employment as counsel for the Debtors under section 327(a) of the Bankruptcy Code and it hereby provides the following responses set forth below:

| Questions required by Part D1 of 2013 UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | Our rates have not changed. | |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | Yes. | |

17.     No promises have been received by the Firm or by any partner, of counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any

7

other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case, except among the partners, of counsel and associates of the Firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 9, 2015

_____
Jeffrey N. Pomerantz

Schedule 1

**Debtors and Non-Debtor Affiliates**
Dallas Manufacturing Company, Inc.
Malibu Lighting Corporation
Q-Beam Corporation
Smoke 'N Pit Corporation
Stubbs Collections, Inc.
The Brinkmann Corporation
Treasure Sensor Corporation
LightStar Corporation

**Directors & Officers**
J. Baxter Brinkmann
Martin P. Donoghue

**Insurance**
Bank Direct Capital Finance
Catlin Specialty Insurance Company
Continental Insurance Co
Great American Alliance Ins Co
Great American Insurance Group
Great Northern Insurance Co
Hartford Fire Insurance Co
Lexington Insurance Company
Liberty Insurance Underwriters
Marsh USA, Inc.
RSUI Indemnity Company
Safety National Casualty Corp
Starr Indemnity & Liability Co

**Landlords**
462 Thomas Family Properties, L.P.
Billingsley Trust, JV
E.I.J. Inc.
ET Crude, Inc.
Lakeridge I Associates, LLC
Tolmak, Inc.

**Secured Parties**
BANK OF AMERICA, N.A., AS AGENT
CISCO SYSTEMS CAPITAL CORPORATION
CIT FINANCE LLC
Comerica Bank - Texas
DE LAGE LANDEN FINANCIAL SERVICES, INC.

FIRST WESTERN BANK & TRUST DBA ALL LINES LEASING
IBM CREDIT LLC
MAHINDRA FINANCE USA LLC
NISSAN MOTOR ACCEPTANCE CORPORATION
NMHG FINANCIAL SERVICES, INC.
TEXAS CAPITAL BANK
WELLS FARGO BANK, N.A.
XEROX FINANCIAL SERVICES

**Professionals**
Aurora Management Partners, LLC
Piper Jaffray & Co.

**Top Unsecured Vendors**
BANK MILLER COMPANY, INC.
CH ROBINSON WORLDWIDE INC.
CHANGSHU CHANGSHENG FASHION CO. LTD
CHINA KING
CUSTOMS AND BORDER PROTECTION
DALLAS CONTAINER COMPANY
EI FREIGHT (USA), INC.
EXPEDITORS INT'L DTT
FIBERTEX CORPORATION
GUANGDONG CANBO ELECTRICAL CO.,LTD
HANA FINANCIAL, INC.
HOME DEPOT FOUNDATION
HOMEWELL ENTERPRISE LIMITED
INNOCOR, INC.
JIANGSU HIGH HOPE INTERNATIONAL
JIANGSU HOLLY EVERLASTING INC.
JIANGSU SAINTY LAND-UP PRO-TRADING
JOYFAITH ENTERPRISES LTD.
KANSAS CITY SOUTHERN RAILWAY
MONTGOMERY COSCIA GREILICH LLP
NINGBO WANAN CO LTD
NINGHAI JINCHAO ELECTRIC APPLIANCE
OHL-INTERNATIONAL
PRATT INDUSTRIES, INC.
QUANTUM LIGHTING PRODUCTS LTD
SHANGHAI ALL FAST INTERNATIONAL
SHANGHAI HAILIAN ELECTRIC

SHANGHAI JIASHUN CRAFTS TOYS CO
SHANGHAI YUANSHUN ELECTRONIC
SHEPPARD, MULLIN, RICHTER & HAMPTON
SHUNWEI INTERNATIONAL LIMITED
STEIN FIBERS, LTD
SUMEC TEXTILE & LIGHT INDUSTRY CO
TIME WIN TRADING LIMITED
TONGXIANG HENGYE HOME TEXTILE CO
U.S. CUSTOMS AND BORDER PROTECTION
UNITED PARCEL SERVICE
XINLI INDUSTRIAL HK TRADING CO LTD
YANGJIANG GUANGLONG INDUSTRIAL CO
YONGKANG DONGJIE HARDWARE APPARATUS
YUYAO LIAOMAN ELECTRIAL APPLIANCE
ZHEJIANG ERA SOLAR TECHNOLOGY CO
ZHEJIANG MINGFENG CAR ACCESSORIES