IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DECLARATION OF DAVID BAKER IN SUPPORT OF APPLICATION OF PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, David Baker declare under penalty of perjury as follows:

1. I am the Chief Restructuring Officer of each of the above-captioned debtors and debtors in possession (the "Debtors"), located at 4215 McEwen Road, Dallas, TX 75244.

2. I submit this declaration (the "Declaration") in support of the *Application of Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205); Outdoor Direct Corporation f/k/a The Brinkmann Corporation (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

### The Debtors' Selection of PSZ&J as Counsel

3.  Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") is proposed bankruptcy counsel to the Debtors. The Debtors recognize that a comprehensive review process is necessary when selecting and managing bankruptcy counsel. To that end, the review process utilized by the Debtors here assessed potential counsel based on their expertise in the relevant legal issues and in similar proceedings. Using this review process, the Debtors retained PSZ&J to serve as bankruptcy counsel.

4.  Ultimately, the Debtors retained PSZ&J because of its extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code. Thus, I believe that PSZ&J is well qualified to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

### Rate Structure

5.  In my capacity as Chief Restructuring Officer for each of the Debtors, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. PSZ&J has informed the Debtors that its rates are consistent between bankruptcy representations, including related transactional and litigation services. PSZ&J has informed the Debtors that its current hourly rates apply to non-bankruptcy services, if any, provided by the Firm, unless a contingent fee, mixed contingent fee, flat fee, or blended rate arrangement is agreed upon. The Firm does not maintain separate departments devoted to other legal practices different from the bankruptcy and insolvency areas. The Firm therefore does not have different billing rates and terms for non-bankruptcy engagements that can be compared to the billing rates

and terms for the Debtors' engagement of PSZ&J. As discussed below, I am also responsible for reviewing the invoices regularly submitted by PSZ&J, and can confirm that the rates PSZ&J charged the Debtors in the prepetition period are the same as the rates PSZ&J charged the Debtors in the postpetition period. PSZ&J has informed the Debtors the Firm's standard hourly rates are subject to periodic adjustment in accordance with the Firm's practice.

## Cost Supervision

6.      The Debtors have approved the prospective budgets and staffing plans for approximately the first 13 weeks of the cases, for each of National Consumer Outdoors Corporation ("NCOC"), Outdoor Direct Corporation ("ODC") and Malibu Lighting Corporation ("MLC"). Recognizing that in larger chapter 11 cases it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and PSZ&J. The Debtors further recognize their responsibility to closely monitor the billing practices of counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of the chapter 11 case. The Debtors will timely review the invoices that PSZ&J regularly submits, and, together with PSZ&J, periodically amend the budget and staffing plans, as the case develops.

7.      While every chapter 11 case is unique, the budget will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 9, 2015

MALIBU LIGHTING CORPORATION, et al.

By: David Baker
Chief Restructuring Officer