# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Re: Docket No. __

### ORDER AS TO DEBTOR OUTDOOR DIRECT CORPORATION F/K/A THE BRINKMANN CORPORATION PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE DETERMINING THAT AUTOMATIC STAY IS INAPPLICABLE TO PENDING LITIGATION AND GRANTING RELIEF FROM STAY

Upon the motion (the "Motion")[2] of Outdoor Direct Corporation f/k/a The

Brinkmann Corporation, one of the above-captioned debtors and debtors in possession (the

"Debtor"), for the entry of an order (this "Order"), (a) determining that the automatic stay does

not prohibit the continuation of an action challenging a patent originally brought by ODC for

*inter partes* review before the U.S. Patent and Trademark Office against A&J Manufacturing,

LLC and A&J Manufacturing, Inc. (collectively, "A&J"), or to the extent the stay does apply,

sufficient grounds exist so that it should be lifted; and (b) lifting the automatic stay as to two

pending appeals before the Federal Circuit Court of Appeals taken from companion rulings made

by the United States International Trade Commission in connection with allegations of unfair

trade practices and patent infringement initiated by A&J against the Debtor and other

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205); Outdoor Direct Corporation f/k/a The Brinkmann Corporation (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

respondents, as more fully set forth in the Motion; and the Court having found that the Court has

jurisdiction to consider the Motion; and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

reviewed the Motion and having determined that the legal and factual bases set forth in the

Motion establish good and just cause for the relief granted herein; and upon all the proceedings

had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The automatic stay does not prohibit the continuation of the IPR

Proceeding and, to the extent it does, such stay is lifted such that the IPR Proceeding may

proceed.

3.      The automatic stay is lifted as to the ITC Appeals so that such appeals

may proceed.

4.      The Court reserves jurisdiction to interpret the terms of this Order or to

address any disputes arising therefrom.

Dated: _____, 2015          _____

                                                            Honorable Kevin Gross
                                                            United States Bankruptcy Judge