IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | **Related Docket No. 60** |

## MOTION TO SHORTEN NOTICE OF, AND SCHEDULE A HEARING ON, MOTION OF DEBTORS MALIBU LIGHTING CORPORATION AND OUTDOOR DIRECT CORPORATION F/K/A THE BRINKMANN CORPORATION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO CONTINUE THEIR PREPETITION BONUS PROGRAM FOR CERTAIN NON-INSIDER EMPLOYEES

Malibu Lighting Corporation ("Malibu") and Outdoor Direct Corporation f/k/a The Brinkmann Corporation ("ODC," and, with Malibu and the other above-captioned debtors, the "Debtors") hereby file this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), to shorten the notice period of, and schedule a hearing on, the *Motion of Debtors Malibu Lighting Corporation and Outdoor Direct Corporation f/k/a The Brinkmann Corporation for the Entry of an Order Authorizing the Debtors to Continue Their Prepetition Bonus Program for Certain Non-Insider Employees* (the "Motion") [Docket No. 60],[2] filed on October 9, 2015, such that (i) the Motion may be heard at the omnibus hearing currently scheduled for October 27, 2015, at 10:00 a.m. Eastern time, (ii) requiring that objections to the Motion, if any, be filed on or before October 26, 2015, at 9:00 a.m. Eastern time. In support of this Motion to Shorten, the Debtors respectfully state as follows.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205); Outdoor Direct Corporation f/k/a The Brinkmann Corporation (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

DOCS_DE:202585.1 10821/001

## Jurisdiction

1.  This Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory basis for the relief requested herein is Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Relief Requested

3.  The Debtors request that the Court shorten the period for notice of the hearing on the Motion so that this Court may consider the Motion on an expedited basis at the omnibus, second-day hearing currently scheduled for October 27, 2015, at 10:00 a.m. Eastern time.

## Basis for Relief

4.  Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

5.  In support of this Motion to Shorten, Malibu and ODC represent that, at the first-day hearing conducted on October 9, 2015 (the "First-Day Hearing"), the Debtors obtained a second-day hearing date of October 27, 2015, at 10:00 a.m. (the "Second-Day

Hearing"), and an associated objection deadline of October 26, 2015, at 9:00 a.m. After the First-Day Hearing, and still on October 9, 2015, the Debtors filed eight additional motions or applications (including the Motion), which were noticed together with the first-day motions for the Second-Day Hearing. As a result of the lateness of some of the filings, the eight motions/applications filed on October 9, 2015, were actually served on October 10, 2015. Thereafter, the Office of the United States Trustee informally objected to the hearing of the eight additional motions/applications at the Second Day hearing, and the Debtors agreed to adjourn each of the motions/applications, other than the Motion, to a further omnibus date set for November 4, 2015, at 2:00 p.m.

6. Malibu and ODC maintain that a prompt hearing on the Motion is in the best interest of their estates and that the exigencies justify shortened notice. Pursuant to the Motion, Malibu and ODC seek approval of a bonus program (the "Bonus Program") for non-insider, key employees pursuant to a plan adopted beginning August 10, 2015. Prompt consideration of the Motion is necessary because (a) some of the affected employees will separate from the Debtors and potentially be entitled to payments as early as the end of October, and (b) Malibu and ODC need to provide certainty to the affected employees regarding the continued existence and applicability of the Bonus Program. Moreover, commencement of the Debtors' bankruptcy cases has created additional concerns among the Malibu and ODC employees that are beneficiaries of the Bonus Program, and the Debtors are concerned that adjournment of the Bonus Program may be interpreted by some employees, not sophisticated in bankruptcy proceedings, as rejection, resulting in employees departing and occasioning a result exactly opposite from the one the Bonus Program is intended to accomplish. In the midst of the disruption and uncertainty occasioned by the commencement of the Debtors' cases, the Bonus

Program, like the wages issues addressed at the First-Day Hearing, is among the issues most important to Malibu and ODC.

7.  Hearing the Motion on shortened notice will not prejudice parties in interest insofar as (a) notice of the Motion was supplied by mailing on October 10, 2015, which supplied 17-days' notice of the Second Day Hearing and 16 days to respond; (b) the response time was already extended to October 26, 2015, at 9:00 a.m., supplying additional time to respond; (c) if the Motion and its associated objection deadline were instead fixed for November 4, 2015, the proper objection deadline would, under Local Rule 9006-1(c)(ii) be not later than October 28, 2015, at 4:00 p.m., supplying only an additional two and a half days to respond; and (d) moreover, if the Motion had been noticed for November 4, 2015, when served, the Debtors could have fixed, under Local Rule 9006-1(c)(iii), an objection deadline of fourteen days after service, which, allowing that the 14th day would have fallen on a weekend, would have been October 26, 2015, at 4:00 p.m. The marginal additional notice that would be supplied were this matter to be heard at the November 4, 2015, hearing does not outweigh the burden that would be imposed on the Debtors and their employees by further delay.

8.  In addition, pursuant to Rule 6003(b) of the Federal Rules of Bankruptcy Procedure, "a motion to pay all or part of a claim that arose before the filing of the petition" shall not be granted by the Court within 21 days of the Petition Date "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm . . . ." Fed. R. Bankr. P. 6003(b). For the reasons described herein and in the Motion, the Debtors submit that the requirements of Bankruptcy Rule 6003 have been met and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates. To implement the foregoing successfully, the Debtors seek a waiver of the requirements under Bankruptcy Rule

6004, including the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable.

9. Accordingly, the Debtor respectfully submits that exigent circumstances and sufficient cause exist to justify: (a) shortening the period for notice of the hearing on the Motion; (b) scheduling a hearing on the Motion on October 27, 2015, at 10:00 a.m. Eastern time; and (c) setting October 26, 2015, at 9:00 a.m. Eastern time as the objection deadline for the Motion.

## Notice

10. The Debtor has provided notice of this Motion to Shorten by e-mail, hand delivery, overnight mail, express mail, or facsimile to the parties served with the Motion.

11. If the Court grants this Motion to Shorten, the Debtor will immediately serve a copy of the Order and a notice for the hearing on the Motion on the above-noted Notice Parties by e-mail, hand delivery, overnight mail, express mail, or facsimile.

## No Prior Request

12. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the entry of an order: (a) shortening the period for notice of the hearing on the Motion; (b) scheduling a hearing on the Motion on October 27, 2015, at 10:00 a.m. Eastern time; and (c) setting October 26, 2015, at 9:00 a.m. as the objection deadline for the Motion.

Dated: October 19, 2015  PACHULSKI STANG ZIEHL & JONES LLP

_____
Jeffrey N. Pomerantz (CA Bar No.143717)
Maxim B. Litvak (CA Bar No. 215852)
Michael R. Seidl (DE Bar No. 3889)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: 302/652-4100
Facsimile: 302/652-4400
E-mail: jpomerantz@pszjlaw.com
mlitvak@pszjlaw.com
mseidl@pszjlaw.com

Proposed Counsel for the Debtors and
Debtors in Possession