# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>Malibu Lighting Corporation, *et al.*<br><br><div align="center">Debtors.</div> | Chapter 11<br><br>Case No. 15-12080 (KG)<br><br>**Related Docket Nos.:   60, 102** |

## THE UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO SHORTEN NOTICE OF, AND SCHEDULE A HEARING ON, MOTION OF DEBTORS MALIBU LIGHTING CORPORATION AND OUTDOOR DIRECT CORPORATION F/K/A THE BRINKMANN CORPORATION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO CONTINUE THEIR PREPETITION BONUS PROGRAM FOR CERTAIN NON-INSIDER EMPLOYEES

In support of his Objection to Debtors' Motion for entry of an order shortening time ("Motion to Shorten" D.I. 102) shortening notice relating to the Motion Of Debtors Malibu Lighting Corporation And Outdoor Direct Corporation F/K/A The Brinkmann Corporation For The Entry Of An Order Authorizing The Debtors To Continue Their Prepetition Bonus Program For Certain Non-Insider Employees (the "Motion" D.I. 60), Andrew R. Vara, Acting United States Trustee ("U.S. Trustee") for Region Three, avers:

1.       This Court has jurisdiction to hear the above-captioned Objection.

2.       Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with supervising the administration of cases under Chapter 11 of the Bankruptcy Code.

3.       Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the above-captioned Objection.

## STATEMENT OF FACTS

4.       These cases were filed on October 7, 2015.   A Committee Formation Meeting is

scheduled in this case on October 20, 2015.

5.　　On Friday, October 9, 2015, at approximately 10:00 p.m., the Debtors filed the Motion.　The Motion was served, via first-class mail, on Saturday, October 10, 2015.　Fourteen of the notice parties are located in China, and one of the notice parties is located in Hong Kong.

6.　　The Motion seeks court approval of a non-insider bonus program that does not appear to be an ordinary course bonus program, but rather appears to be a severance program started by the company in light of its decision to wind down operations, and implemented less than two months prior to the bankruptcy filing.

7.　　The Motion to Shorten requests that the Motion be heard at the second day hearing, on October 27 at 10:00 a.m., with an objection deadline of 9:00 a.m. on October 26 (providing the Committee only four business days after its formation to respond to the Motion).

8.　　As noted by the Debtors, the Local Rules require service at least 21 days prior to the hearing date if service is by first-class mail, as here.　Thus, the earliest date by which this Motion could be heard under the Local Rules absent shortened notice is November 2.　The Court has scheduled an omnibus hearing date for November 4.

9.　　In addition, Federal Bankruptcy Rule 6003(b) provides that no motion to pay all or part of a claim that arose before the filing of the petition shall be granted by the Court within 21 days of the Petition Date.　The proposed hearing on this Motion – which seeks an order approving payment of a prepetition claim – falls within this 21 day period.

10.　　This Motion should not be heard on shortened notice.　At the first day hearing, the Debtors did not request permission to file a motion seeking authority to make severance/bonus payments on shortened notice to be heard at the second day hearing.　The formation meeting for a

committee of unsecured creditors will not be held until October 20, 2015. Committee counsel will already be faced with the daunting task of coming up to speed on each of these seven debtors and all of the other matters scheduled for the second day hearing. This includes not just a single DIP/cash collateral motion, but two separate cash collateral motions, as well as a bidding procedures motion for a quick sale of substantially all of one of the Debtors' assets as a going concern. The Motion requires not just a review of the severance/bonus program, but also a review of the employees who are entitled to receive the payments, including "vice presidents" and "directors," to determine if they are, in fact, insiders.

11. In addition, the creditors upon whom the motion were served include fifteen who are located in China or Hong Kong. While the local rules provide three days extra for mail service, service on these international claimants likely will take even longer to arrive, and may need to be translated before the creditors can respond.

12. The Debtors' assertions that some of the twenty-nine employees may take the postponement of the hearing as the equivalent of a rejection of the plan is a red herring. No declaration from any employee is provided indicating that they would resign based on the postponement. Furthermore, this "emergency" is one created by the Debtors – if they had scheduled the motion for November 4, as the rules provide, this would not be an issue.

13. The only true emergency cited by the Debtors is that some of the employees will separate from the Debtors at the end of October. The Debtors simply allege that they employees "potentially" will be entitled to payment as early as the end of October. Without (a) a showing that the payments will actually be made prior to the end of October; and (b) that the payment is *required* to be made prior to the end of October either by applicable law or to induce the employee

to remain employed, there does not appear to be an exigent basis to hear the Motion on October 27, just seven days after the Committee is formed.

14.     There is an omnibus hearing scheduled in this case for November 4, 2015.   The United States Trustee proposes that this is a far more suitable date for hearing the Motion and will permit a meaningful review of the matters and provide parties in interest a reasonable opportunity to respond.   The U.S. Trustee has made this suggestion to counsel.   Given the facts, the U. S. Trustee would further propose that the objection deadlines for the motions be set as 4 p.m. on October 28, 2015 for all parties who were served the motion on October 10, 2015, and November 2, 2015, at noon, for the Committee.

15.     The Motion's exigency is of the Debtors own creation.   Other parties should not have their rights prejudiced as a result.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Debtors' Motion to Shorten and/or granting such other relief that this Court deems appropriate.

Respectfully submitted,


**ANDREW R. VARA,**
**ACTING UNITED STATES TRUSTEE, Region Three**

**Date:   October 19, 2015**          **BY: _____/s/_____**
Linda J. Casey, Jr., Esquire
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)

4