IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) Case No. 15-12082 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related Docket No. 17** |

### ORDER AS TO DEBTOR NATIONAL CONSUMER OUTDOORS CORPORATION F/K/A DALLAS MANUFACTURING COMPANY, INC. (A) APPROVING BIDDING PROCEDURES FOR THE AUCTION OF SUBSTANTIALLY ALL OF THE DEBTOR'S OPERATING ASSETS, (B) SCHEDULING AN AUCTION AND SALE HEARING, AND (C) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO

Upon the Motion (the "**Motion**") of National Consumer Outdoors Corporation

f/k/a Dallas Manufacturing Company, Inc., one of the above-captioned debtors and debtors in

possession herein (the "**Debtor**"), for an order (A) approving certain bidding procedures and

bidder protections (the "**Bidding Procedures**") for the sale of substantially all of the operating

assets of the Debtor, (B) scheduling an auction and sale hearing related thereto, and (C)

approving procedures for the assumption and assignment of certain executory contracts and

unexpired leases related thereto (the "**Assignment Procedures**"), all as more fully set forth in

the Motion; and the Debtor having entered into an *Asset Purchase Agreement* dated as of

October 7, 2015, as amended (such agreement, providing for consideration in at least the

amounts set forth herein, the "**Agreement**"),[2] with DMC Acquisition Holdings, LLC (the

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205); Outdoor Direct Corporation (9246) f/k/a The Brinkmann Corporation; National Consumer Outdoors Corporation (1153) f/k/a Dallas Manufacturing Company, Inc.; Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

[2] All capitalized terms not defined herein have the meanings ascribed to them in the Agreement.

"**Purchaser**"), an affiliate of Summit Investment Management LLC, for the sale of substantially all of the operating assets of the Debtor (as defined in the Agreement, the "**Purchased Assets**"), which provides, among other things, for the payment of a purchase price consisting of cash of $36,850,000, plus the assumption of the Assumed Liabilities; and the Court having subject matter jurisdiction to consider the Motion and the relief request therein pursuant to 28 U.S.C. § 1334; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the creditors appearing on the list submitted pursuant to Bankruptcy 1017, (ii) those parties asserting an interest in the Debtor's assets, and (iii) counsel to the Purchaser; and no other or further notice needing to be provided; and the relief requested in the Motion being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings held before the Court; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY FOUND AND DETERMINED THAT:

A.    The Court has jurisdiction over this matter and over the property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(M)-(O). The statutory predicates for the relief sought herein are 11 U.S.C. § 105, 363, and 365, and Fed. R. Bankr. Proc. 2002, 6004, 6006, 9008, and 9014. Venue of this case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      In accordance with Local Rules 6004-1 and 9006-1, the Debtor has properly filed and noticed the Motion as to the relief to be granted pursuant to this Order. The issuance and immediate effectiveness of this Order as of the date hereof is supported by evidence of compelling business justifications and other circumstances demonstrating that the relief granted by this Order is necessary to prevent immediate and irreparable harm to the Debtor and its estate.

C.      Good and sufficient notice of the relief sought in the Motion has been given, and no further notice is required except as set forth in the Bidding Procedures with respect to the Auction and the Sale Hearing. A reasonable opportunity to object or to be heard regarding the relief granted herein was afforded to all interested persons and entities.

D.      The Debtor has articulated good and sufficient reasons for granting the Motion to the extent provided herein, including approving the Break-Up Fee, the Expense Reimbursement, the Bidding Procedures and the Assignment Procedures.

E.      The Bidding Procedures were negotiated in good faith and at arms' length, are reasonable and appropriate, and represent the best method for maximizing the return to the Estate for the Purchased Assets.

F.      The Purchaser has expended, and will likely continue to expend, considerable time, money and energy pursuing the purchase of the Purchased Assets and has engaged in extended arms' length and good faith negotiations over the terms and conditions of the Agreement, the Bidding Procedures, and the Assignment Procedures.

G.      Recognizing this expenditure of time, energy and resources, the Debtor has agreed to pay the Expense Reimbursement and the Break-Up Fee to the Purchaser subject to the conditions set forth in the Agreement. The Expense Reimbursement and the Break-Up Fee

- 3 -

are (i) actual and necessary costs and expenses of preserving the Debtor's estate within the meaning of Bankruptcy Code section 503(b); (ii) commensurate to the real and substantial benefit conferred upon the Debtor's estate by the Purchaser; (iii) reasonable and appropriate in light of the size and nature of the proposed sale, comparable transactions, the commitments that have been made, and the efforts that have been and will be expended by the Purchaser; and (iv) necessary to induce the Purchaser to continue to pursue the purchase of the Purchased Assets.

H.      The Debtor has demonstrated a sound business justification for authorizing the payment of the Expense Reimbursement and the Break-Up Fee to the Purchaser under the terms set forth herein. The Expense Reimbursement and the Break-Up Fee have been negotiated at arms' length and are reasonable under the circumstances.

### THEREFORE IT IS HEREBY ORDERED THAT:

1.      The Bidding Procedures attached hereto as **Annex 1** are hereby authorized and approved.

2.      The form and sufficiency of the Auction and Hearing Notice attached hereto as **Annex 2** is approved.

3.      The Assignment Procedures attached hereto as **Annex 3** are authorized and approved.

4.      The form and sufficiency of the Assignment Notice attached hereto as **Annex 4** is approved.

5.      The form and sufficiency of the Auction Results Notice attached hereto as **Annex 5** is approved.

6.      The form and sufficiency of the Creditor Notice attached hereto as **Annex 6** is approved.

7.      The Expense Reimbursement and the Break-Up Fee are approved in their entirety as set forth in the Motion or as modified by the Bidding Procedures annexed hereto as **Annex 1**.  The Debtor may pay the Expense Reimbursement and the Break-Up Fee to the Purchaser as set forth in the Agreement.  The Break-Up Fee and Expense Reimbursement shall be entitled to priority as an administrative expense claim in this case pursuant to Section 503 of the Bankruptcy Code and shall participate in the Carve-Out (as defined in the *Final Order as to Debtor National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (A) Authorizing Post-Petition Financing, (B) Granting Liens, a Superpriority Administrative Claim, and Adequate Protection, (C) Approving Agreements with Comerica Bank, and (D) Setting a Final Hearing* (the "Final DIP Order")).

8.      9.      The failure of the Official Committee of Unsecured Creditors (the "Committee") to object to a credit bid put forth by Comerica Bank ("Comerica") or the Court's approval of any such credit bid shall not (a) prejudice or impair the rights of the Committee to challenge the nature, extent, validity, priority, perfection or amount of Comerica's alleged liens, security interests and claims or (b) release Comerica from any causes of action which can be brought by or on behalf of the Debtor's estate, in each case and in all respects subject to the terms of paragraph 21 of the Final DIP Order.

9.      Objections, if any, to the sale of the Purchased Assets, the assumption and assignment of contracts and leases, and the cures thereunder, if any, shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served on: (a) Debtor's counsel, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz, jpomerantz@pszjlaw.com and Maxim B. Litvak, mlitvak@pszjlaw.com), (b) counsel to the

- 5 -

DOCS_SF:88651.4 10821/001

Committee, Lowenstein Sandler LLP, 65 Livingston Ave, Roseland, NJ 07068 (Attn: Sharon L. Levine, slevine@lowenstein.com, Kenneth A. Rosen, krosen@lowenstein.com, and Eric S. Chafetz, echafetz@lowenstein.com), (c) counsel to Comerica, Jackson Walker L.L.P., 901 Main Street, Suite 6000, Dallas, TX 75202 (Attn: David Stolle, dstolle@jw.com and Bruce Ruzinsky, bruzinsky@jw.com), (d) counsel to Bank of America, N.A., Bryan Cave LLP, Two North Central Ave., Suite 2200, Phoenix, AZ 85004 (Attn: Robert J. Miller, rjmiller@bryancave.com and Brian Walsh, brian.walsh@bryancave.com), (e) counsel to Texas Capital Bank, Norton Rose Fulbright US LLP, 2200 Ross Ave., Suite 3600, Dallas, TX 75201 (Attn: Toby L. Gerber, toby.gerber@nortonrosefulbright.com), (f) counsel to the Purchaser, Markus Williams Young & Zimmerman LLC, 1700 Lincoln Street, Suite 4550, Denver, CO 80203 (Attn: James T. Markus, jmarkus@markuswilliams.com), (g) the Office of the United States Trustee, Attn., J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Linda Casey, linda.casey@usdoj.gov), and (h) any other party requesting service in this case, so as to be actually received by **4:00 p.m. (prevailing Eastern Time) on November 12, 2015** (the "**Objection Deadline**"), and service to the above parties may be by email.

10.    In the event the Debtor selects a Successful Bidder or Backup Bidder other than the Purchaser at the Auction, the Objection Deadline solely with respect to the Debtor's choice of such alternative bidder(s) will be **November 19, 2015 at the time of the Sale Hearing**.

11.    The Court shall conduct the Sale Hearing and consider any unresolved objections to the Sale on **November 19, 2015 at 2:00 p.m. (prevailing Eastern Time)** or at such other time ordered by the Court.

12.     This Court shall retain exclusive jurisdiction over any matter or dispute relating to the sale of the Purchased Assets, the Expense Reimbursement, the Break-Up Fee, the Agreement, the Bidding Procedures, the Assignment Procedures, the Sale Hearing, the Auction, the Successful Bid, the Backup Bid, and/or any other matter that in any way relates to the foregoing.

13.     Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

Dated: October **27**, 2015
Wilmington, Delaware

HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

- 7 -