IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Re: Docket No. 66

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"), authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for professionals and official committee members, as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction to consider the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish good and just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (0556); Outdoor Direct Corporation f/k/a The Brinkmann Corporation (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided in an order of this Court authorizing the retention of specific Professionals, all Professionals in these Chapter 11 cases retained by the Debtors or any Committee may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

> a. Not earlier than the 20th day of each calendar month, each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by overnight mail on each of the following parties (collectively, the "Notice Parties"):
>
>> (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Michael R. Seidl, Esq.; Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 Attn: Jeffrey N. Pomerantz, Esq., jpomerantz@pszjlaw.com;
>>
>> (ii) the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801, Attn: Linda Casey, Esq., Linda.Casey@usdoj.gov;
>>
>> (iii) counsel to the Committee, (a) Lowenstein Sandler LLP, 65 Livingston Ave, Roseland, NJ 07068 Attn: Sharon L. Levine, slevine@lowenstein.com; Kenneth A. Rosen, krosen@lowenstein.com; and Eric S. Chafetz, echafetz@lowenstein.com) and (b) Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801 Attn: Bonnie Glantz Fatell, Fatell@BlankRome.com; and
>>
>> (iv) counsel to the Debtors' prepetition and postpetition lenders, (a) Buchanan Ingersoll & Rooney, PC, 919 North Market Street, Suite 1500, Wilmington, DE 19801, Attn: Kathleen A. Murphy, Esq., kathleen.murphy@bipc.com; (b) Bryan Cave LLP, Two North Central Avenue, Suite 2200, Phoenix,

AZ, Attn: Robert J. Miller, Esq., rjmiller@bryancave.com and Brian C. Walsh, Esq., bcwalsh@bryancave.com; and (c) Jackson Walker L.L.P., 901 Main Street, Suite 6000, Dallas, TX 75202 Attn: David Stolle, dstolle@jw.com and Bruce Ruzinsky, bruzinsky@jw.com).

b. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

c. Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "Review Period"). If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

d. Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment"). If a Notice of Objection was timely received and remains unresolved, the Debtors are authorized to pay the Professional an amount (the "Reduced Monthly Payment") equal to the lesser of (i) the Maximum Monthly Payment and (ii) 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

e. If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in an Reduced Monthly Payment (an "Incremental Resolution Payment"). If, however, the parties are unable to reach a complete resolution of the objection within ten days after service of the Notice of Objection, the objecting party shall file its objection (the "Objection") with the Court within three business days after such ten-day period and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if

any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f. At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request must include a brief description identifying the following:

   (i) the Monthly Fee Applications that are the subject of the request;

   (ii) the amount of fees and expenses requested;

   (iii) the amount of fees and expenses paid to date or subject to an Objection;

   (iv) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

   (v) any other information requested by the Court or required by the Local Rules.

   (vi) Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

g. The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

h. The first Interim Fee Period will cover the month in which the Petition Date occurs and the two full months immediately following such month. Thus, as applicable to these chapter 11 cases, the first Interim Fee Period will cover the Petition Date through December 31, 2015. Each Professional must file and serve

its first Interim Fee Application Request on or before the 45th day following the end of the first Interim Fee Period. Accordingly, the first Interim Fee Application Requests must be filed on or before February 15, 2016.

    i.    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or reimbursement of expenses under the Interim Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

    j.    Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

    k.    Professionals shall file final applications for compensation and reimbursement of expenses by such deadline as may be established in a confirmed Chapter 11 plan or other order of this Court. All final applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

3.    Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) with supporting vouchers to Committee counsel, which counsel shall collect and submit the committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of the Compensation Procedures, however, will not authorize payment of such expenses to the extent

that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

4. Approval of the Compensation Procedures does not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

5. The Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties that have filed a request for special notice with the Clerk of this Court pursuant to Bankruptcy Rule 2002 shall be entitled to receive only notice of hearings on the Interim Fee Applications and Final Fee Applications.

6. In each Interim Fee Application and Final Fee Application, all attorneys (collectively, the "Attorneys") who have been or are hereafter retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code, unless such Attorney is an ordinary course professional, (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, and (b) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013..*

7. All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

8. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Professionals.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice as such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 4, 2015

Honorable Kevin Gross
United States Bankruptcy Judge