**EXHIBIT C**

**Notice Concerning Limitation of Liability**

**Terms for Credit Accounts**

**Application for Credit**



You'd be surprised how far we'll go for you.



# Application for Credit

Only limited credit can be granted without current financial statements. Please attach your most recent financial statements to expedite credit approval.

Please return completed application to:

| | | |
|---|---|---|
| **Customer name:** The Brinkmann Corporation | **Parent (if applicable):** | **Ownership:** |
| **Address** 4215 McEwen | **Address** | ☐ Public Corporation |
| **City/state** Dallas, Texas 75244 | **City/state** | ☒ Private Corporation |
| **Phone** (972) 770-8500 | **Phone** | ☐ Partnership |
| **Type of business/years in business** Consumer Products | **Type of business/years in business** | ☐ Other |

| | |
|---|---|
| **Bank name:** | **Bank name:** |
| **Bank address:** | **Bank address:** |
| **Bank contact:** | **Bank contact:** |
| **Bank phone number:** | **Bank phone number:** |
| **Bank account numbers:** | **Bank account numbers:** |
| **Bank credit arrangements:** | **Bank credit arrangements:** |
| **Date account opened:** | **Date account opened:** |
| **Trade reference name:** | **Trade reference name:** |
| **Address:** | **Address:** |
| **Phone number:** | **Phone number:** |
| **Contact:** | **Contact:** |

**Company invoices should be sent to Customer at:**
4215 McEwen

**Customer contact for past due amounts:**
Dawn Reed     A/P Manager

The information set forth in this application for credit is true. The financial statements included with this application, if any, are true and complete and are not misleading. Expeditors International of Washington, Inc. ("the Company") is hereby authorized to obtain information from credit reporting services and to check the bank and trade references listed above. The Company's *Terms for Credit Accounts* and *Notice Concerning Limitation of Liability* as included with this application, as well as the terms of the Company's invoices, bills of lading and other shipping documents, are understood and accepted.

**Print Company Name ("the Customer")**

By: _Judy Bennett_ (Authorized Signature)     Date: 10-15, 1993

Judy Bennett (Print Name)     Purchasing Manager (Print Title)

# Notice Concerning Limitation of Liability

The Company limits its legal liability for loss, damage or delay. The maximum amount of legal liability assumed by the Company (often called "released value") varies depending upon the type of service provided and/or the mode of transportation. The Company's legal liability when providing customs brokerage services or short term warehouse/distribution services is different from the legal liability that applies when the Company is acting as a carrier providing transportation services. The released value for air transportation is different from the released value applicable to ocean transportation and the limitation on liability for domestic air transportation is different from the limitation applicable to international transportation. These differences exist because unique treaties, laws, conventions, tariffs and industry standards establish the minimum released value for each different mode of transportation and service offering.

The Company has adopted general terms and conditions of service. These terms and conditions are printed on the back of every invoice issued by the Company and are incorporated herein by reference. The limitation of liability set forth in the general terms and conditions of service applies to customs brokerage, warehouse/distribution and other services where the Company is not acting as a carrier. The Company may change the general terms and conditions of service from time to time.

When the Company is acting as a carrier, the exact limits of liability and the other terms and conditions of carriage can be located on the bill of lading or other shipping document issued by the carrier (which is the contract between the parties). Unless modified or superseded by the terms of the bill of lading or other contract of carriage, the Company's general terms and conditions of service will also apply to the transaction.

The contractual provisions referenced above describe the industry standard released value, but the actual amount applicable to any particular transaction is in the complete control of the Customer. When the Customer desires to have the Company assume legal liability for an amount greater than the standard released value, the Customer modifies the terms of the contract by declaring a higher released value prior to the performance of the service. This can be done by entering a declared value on the *Shipper's Letter of Instructions* when the Company is acting as the carrier. In other cases, the higher declared value must be set forth in a written document accepted and acknowledged by the Company. In exchange for accepting the higher legal liability selected by the Customer, a higher rate will be charged for the service.

The additional protection obtained by declaring a higher value is not the same as the protection that is available by purchasing insurance. For example, there are risks that are covered by the insurance company in circumstances where a carrier is not legally liable to reimburse the Customer. In addition, insurance coverage can be purchased with direct reference to the value of the cargo while a declaration of additional value often must be expressed as an amount per pound or per carton. As a consequence, recovery of full value is much more problematic with a higher released value than it is through the purchase of insurance. Upon Customer request, the Company can also arrange to provide insurance coverage.

# Terms for Credit Accounts

Specific terms and conditions of service, including limitations of liability discussed in the *Notice Concerning Limitation of Liability*, apply to the services performed by the Company. These terms and conditions are established by contract as set forth in the governing instrument or by operation of law. The Company's standard payment terms require receipt of cash in advance of performance. In the event that the Company extends credit to the Customer, the following additional terms are hereby agreed to be applicable.

The amount of credit extended to the Customer is subject to periodic review and any decision to increase, decrease or revoke the amount of credit granted to the Customer shall be in the sole discretion of the Company.

By establishing a credit account for the Customer, the Company shall be under no obligation to incur any expense, guarantee payment, or advance money on behalf of the Customer. The fact that the Company has made a payment, advance or guarantee shall not be construed as a waiver of this provision.

The Customer agrees to keep the account current and agrees to pay each invoice according to its terms. Unless other payment terms are shown on the face of the invoice, it is agreed that the Company will receive payment within fifteen (15) days of the invoice date.

In the event that the Customer fails to keep the account current, all amounts owed by Customer shall immediately become due and payable. The Customer shall also become indebted to the Company for costs of collection, including reasonable attorney fees, plus one and one half percent (1.5%) interest per month, compounded daily and calculated from the due date of the invoice.

As security for any existing and future indebtedness of the Customer to the Company, including claims for charges, expenses or advances incurred by the Company in connection with any shipment or transaction of the Customer, and whether or not presently contemplated by the Customer and the Company, the Customer hereby grants to the Company a continuing lien and security interest in any and all property of the Customer (including goods and documents relating thereto) now or hereafter in the Company's possession, custody or control or en route (the "Collateral"). The Company may execute and file appropriate financing statements on the Customer's behalf. This lien and security interest shall be in addition to any other rights the Company has or may acquire under other agreements and/or applicable law, and shall survive delivery or release of any Collateral.

If any indebtedness remains unpaid for thirty (30) days after demand for payment, the Company may, in addition to any other rights it has under other agreements and/or applicable law, exercise any or all of the rights of a secured party under the Uniform Commercial Code now in effect in the State of Washington. Any notice required to be given by the Company of a sale or other disposition or other intended action with respect to any Collateral, or otherwise, made by sending same to the Customer at least ten (10) days prior to any proposed action shall constitute fair and reasonable notice to the Customer. Any surplus from a sale or other disposition of Collateral, after application of the proceeds to the costs of enforcement and sale (including attorneys' fees) and to the indebtedness, shall be transmitted to the Customer, and the Customer shall be liable for any deficiency in the sale.

The foregoing shall be construed according to the internal substantive laws of the State of Washington, without regard to the conflict of law principles of such State.