**EXHIBIT D**

# CREDIT GUARANTY

Made as of June 25, 2009, by The Brinkmann Corporation ("Guarantor"), of 4215 McEwen Road, Dallas, TX 75244, and Malibu Lighting Company ("Debtor"), of 4215 McEwen Road, Dallas, TX 75244, in favor of EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. for and on behalf of itself and each of its affiliates and subsidiaries (collectively, "Expeditors"), with its principal offices at 1015 Third Avenue, 12th Floor, Attn: CHQ-Credit, Seattle, Washington 98104.

Debtor has applied to Expeditors to extend credit to Debtor for services provided by Expeditors. Debtor has asked Guarantor to guarantee its indebtedness to Expeditors. Guarantor has determined that its financial affairs are intimately connected to those of Debtor and that Debtor's financial success will directly benefit Guarantor. Therefore, the parties agree:

1 CREDIT ESTABLISHED. Expeditors may provide services to Debtor on open account, subject to Expeditors' standard Terms and Conditions of Service, which Debtor and Guarantor acknowledge receiving and agree to. Debtor shall pay all amounts within the time period established on each invoice and shall make such prepayments as may be required from time to time in order to keep the total indebtedness under the account limit established by Expeditors. Any changes in terms and/or amount of credit and/or termination of credit shall remain Expeditors' exclusive decision

2. ABSOLUTE AND UNCONDITIONAL GUARANTY Guarantor guarantees the due and timely payment in full (and not merely the collection) of all present and future indebtedness of Debtor to Expeditors, of every type and nature, including all charges, advances, fees, interest, costs and expenses (including reasonable attorneys' fees). This guaranty is a continuing, absolute, unconditional, unlimited, irrevocable, direct and primary obligation of Guarantor and shall remain in full force and effect until the full and indefeasible payment of all indebtedness. Guarantor's liability hereunder shall not be affected by, and Guarantor hereby consents in advance to every: (a) forbearance, extension of time, and other change in the terms or conditions of any indebtedness; (b) change in Debtor's structure or termination of Debtor's existence; (c) waiver of Expeditors' rights or remedies against Debtor, Guarantor, any third party or any security, without such waiver prohibiting the later exercise of the same or similar rights or remedies; (d) enforcement of this guaranty (including by set-off) without first pursuing rights or remedies against Debtor, any third party or any security; (e) invalidity or unenforceability of Debtor's indebtedness to Expeditors for any reason (including statute of limitations); (f) delay or failure in Expeditors' exercise of any right or remedy against Debtor, Guarantor, any third party or any security, including any release, subordination, impairment, or failure to obtain or perfect any security or any rights or remedies; and (g) act, omission, circumstance or thing which now or hereafter might otherwise constitute a defense to, or operate to discharge Debtor, Guarantor, any third party or any security Guarantor waives diligence, presentment, protest, notice of default, nonpayment, demand for payment, notice of acceptance of this guaranty, notice of the existence, creation or incurring of indebtedness, indulgences and notices of any kind, and any right to obtain from Expeditors information on Debtor, any third party or any security. Without limiting any of Expeditors' rights or Guarantor's other agreements, consents or waivers, Guarantor waives all suretyship defenses

3 MISCELLANEOUS Guarantor subordinates to the indebtedness any claim or security it now or hereafter may have against Debtor, any third party, or their respective assets (including claims for marshaling, subrogation, reimbursement, contribution and indemnity). If Expeditors is required to refund or release any transfer made by Debtor, Guarantor or any third party in any bankruptcy or similar proceeding, then this guaranty shall remain in full force and effect as if such transfer had never originally been made. Guarantor shall pay to Expeditors on demand all costs and expenses (including attorneys' fees) incurred in connection with the enforcement of this guaranty This guaranty shall be governed by and construed according to the laws of the state of Washington, U S A , and the undersigned irrevocably submit and attorn to the exclusive jurisdiction of the state courts in King County in such state. This guaranty may be executed in counterparts

| The Brinkmann Corporation | Malibu Lighting Company |
|---|---|
| (Guarantor's full legal name) | (Debtor's full legal name) |
| By: *signature* | By: *signature* |
| Name: Martin D. Donoghue | Name: Martin P. Donoghue |
| Title: Chief Financial Officer | Title: Chief Financial Officer |

© 2009 Expeditors International of Washington, Inc    Version 062005