# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| Malibu Lighting Corporation, *et al.*[1], | : |
| | : Case No. 15-12080(KG) |
| | : |
| | : **Hearing Date: Nov. 19, 2015 @ 2:00 p.m.** |
| Debtors. | : **UST Objection Deadline: Nov. 17, 2015 @ 2:00 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF
NATIONAL CONSUMER OUTDOORS CORPORATION F/K/A
DALLAS MANUFACTURING COMPANY, INC. FOR ORDER (A) APPROVING
ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTOR'S OPERATING ASSETS; (B)
AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, RIGHTS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO
BANKRUPTCY CODE SECTIONS 105, 363(b), 363(f) AND 363(m); (C) ASSUMING
AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; AND (D) GRANTING RELATED RELIEF (D.I. 18)**

Andrew R. Vara, Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through his counsel, hereby files this Objection to the Motion Of National Consumer Outdoors Corporation F/K/A Dallas Manufacturing Company, Inc. For Order (A) Approving Asset Purchase Agreement And Authorizing The Sale Of Substantially All Of The Debtor's Operating Assets; (B) Authorizing The Sale Of Assets Free And Clear Of All Liens, Claims, Rights, Encumbrances And Other Interests Pursuant To Bankruptcy Code Sections 105, 363(b), 363(f) And 363(m); (C) Assuming And Assigning Certain Executory Contracts And Unexpired Leases; And (D) Granting Related Relief (D.I. 18) (the "Motion"). In support of the Objection, the U.S. Trustee states as follow:

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205); Outdoor Direct Corporation (9246) f/k/a The Brinkmann Corporation; National Consumer Outdoors Corporation (1153) f/k/a Dallas Manufacturing Company, Inc.; Q-Beam Corporation (1560);

**INTRODUCTION**

1.      Malibu Lighting Corporation and its affiliated debtors filed for chapter 11 bankruptcy on October 8, 2015.  Based upon representations by the Debtors, the Debtors' secured indebtedness exceeds the value of its assets.   The Debtors filed the Motions seeking authority to sell substantially all of the assets of the only still-operating debtor (NCOC) within the first two months of the cases.

2.      NCOC maintains a self-funded health insurance plan.  For the months of October and November, employees have paid premiums for coverage under this plan, and have continued to work for NCOC.

3.      These cases are being run for the benefit of the secured creditors.  To obtain the benefits of a chapter 11 case, including a Section 363 sale, the Debtors must be administratively solvent.  Administrative claimants may not be forced to fund a chapter 11 case for the benefit of secured lenders, with the substantial risk of administrative insolvency and conversion to chapter 7 after the secured lenders have reaped the benefits of a Section 363 sale.  Employees must be assured of payment of all valid administrative claims under the self-funded health insurance plan, and be not limited to only that amount that the lenders are willing to include in a wind-down budget.  To the extent that the motion seeks to distribute the sale proceeds to the secured lenders, the Motion should be denied absent agreement by the lenders to pay, in full, all valid insurance claims that accrued between the petition date and the closing date.

**Jurisdiction and Standing**

---

Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The

4.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. Section 586(a)(3)(G) mandates that the U.S. Trustee monitor "…the progress of cases under title 11" and further requires that the U.S. Trustee take "such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress."

5.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard in this matter.

## Statement of Facts

6.      On October 8, 2015 (the "Petition Date"), Malibu Lighting Corporation and six associated debtors (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7.      On the Petition Date, Debtor National Consumer Outdoors Corporation ("NCOC") filed a motion (the "DIP Motion") seeking entry of an order: (a) authorizing NCOC to obtain post-petition financing in the maximum amount of $21.5 million; (b) granting Comerica Bank ("Comerica") liens on and claims in post-petition collateral; (c) authorizing NCOC to use cash collateral; (d) granting Comerica adequate protection; and (e) setting an interim and final hearing on the DIP Motion.

8.      Also on the Petition Date, Debtor Malibu Lighting Corporation ("MLC") and Debtor Outdoor Direct Corporation ("ODC") filed motions seeking approval of stipulations authorizing the use of cash collateral, with Comerica and Bank of America, N.A., as administrative agent, respectively.

---

location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

9. The Debtors have also filed a motion to sell substantially all of the assets of Debtor NCOC free and clear of all liens, claims and encumbrances in accordance with Section 363 of the Bankruptcy Code.

10. Based on representations of the Debtors, the Debtors' secured indebtedness exceeds the value of the Debtors' assets.

11. The Debtors maintain a self-funded health insurance plan for the benefit of its employees.

12. The Debtors employees continued to pay premiums for health insurance coverage post-petition. The testimony at the hearing on the Debtors' DIP Motion established that the employees were not warned that their health care claims may not be paid in full. The claims that accrue between the petition date and closing date will likely not be processed until after the closing date.

13. As of the date of filing this objection, the wind-down budget has not been filed. In any event, the employees should not be faced with a risk that the actual claims asserted under the self-funded insurance plans for the post-petition period are greater than that set forth in a wind-down budget.

## Legal Argument

14. The Debtors have entered these cases administratively insolvent. Absent an agreement by the lenders to fund all administrative expenses, including all pre-sale claims of employees under the self-funded health insurance plans and all post-sale administrative expense claims, these cases are being run for the benefit of the secured lenders at the expense of

administrative claimants.

15. As pointed out by the Committee in these cases, "Several courts in this district and others have concluded that adequate provision must be made to assure that administrative expenses will be paid in full before debtor-in-possession financing can be approved. For example, in *In re Townsends, Inc.*, when the Debtors proposed DIP financing that would pay most administrative claims but leave the § 503(b)(9) claims behind, Judge Sontchi stated, 'if it appears that the case is administratively insolvent, I would be inclined to . . . either convert or dismiss the case . . . .' *citing In re Townsends, Inc., et al.,* Case No. 10-14092 (Bankr. D. Del. January 21, 2011) Tr. at 23:25-24:22."

16. If the lenders wish to utilize this court to obtain the benefits of Chapter 11, they must provide for a sufficient wind-down budget to cover the costs of administrative expense claims. Administrative claimants, including employees, cannot be required to fund these cases for the benefit of the lenders.

17. No wind-down budget has been filed to date. More importantly, no provision has been made for the full payment of unknown health care claims that accrue between the petition date and the closing date, but which may not be asserted for several months.

18. Because these cases are administratively insolvent, the Motion must be denied to the extent that it seeks to distribute the sale proceeds, absent an agreement with the lenders to make payment in full of all administrative expense claims relating to employee claims under the self-funded health insurance plans.

19. The U.S. Trustee has additional objections to various provisions of the sale order,

which are currently being discussed with the Debtors.  The U.S. Trustee reserves the right to raise these issues to the extent that they are not resolved consensually.

WHEREFORE, the United States Trustee requests that this Court deny the Motions.

**Andrew R. Vara,**
**Acting United States Trustee, Region Three**

Dated: November 17, 2015        **BY:** _____/s/_____
  Linda J. Casey, Esquire
  Trial Attorney
  J. Caleb Boggs Federal Building
  844 King Street, Suite 2207, Lockbox 35
  Wilmington, DE 19801
  (302) 573-6491
  (302) 573-6497 (Fax)