IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF AUCTION RESULTS AS TO
DEBTOR NATIONAL CONSUMER OUTDOORS CORPORATION
F/K/A DALLAS MANUFACTURING COMPANY, INC. IN CONNECTION WITH
THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S OPERATING ASSETS**

PLEASE TAKE NOTICE THAT:

1. <u>Introduction</u>. National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (the "**Debtor**"), as a chapter 11 debtor and debtor-in-possession in the above-referenced chapter 11 case, conducted an auction (the "**Auction**") with respect to the proposed sale (the "**Sale**") of substantially all of the Debtor's operating assets (the "**Purchased Assets**") in accordance with the order (the "**Bidding Procedures Order**") of the Bankruptcy Court of the District of Delaware (the "**Bankruptcy Court**"), entered on October 27, 2015, (a) approving the bidding procedures (the "**Bidding Procedures**"), (b) scheduling the Auction and a hearing (the "**Sale Hearing**") for the Sale of the Purchased Assets, and (c) approving certain procedures related to the assumption and assignment of those executory contracts and unexpired leases related to the Purchased Assets and whose assignment is contemplated by the Sale.

2. <u>Auction Results</u>. Upon conclusion of the Auction, the Debtor determined, in consultation with the Consultation Parties (as defined in the Bidding Procedures), pursuant to the Bidding Procedures and subject to the Bankruptcy Court's approval, that the highest or otherwise best bidder was Central Garden and Pet Company (the "**Successful Bidder**") and the second highest or otherwise best bidder was DMC Acquisition Co., LLC, an affiliate of OpenGate Capital Partners I, LP, and OpenGate Capital Partners I-A, LP (the "**Backup Bidder**"). The asset purchase agreements of the Successful Bidder and the Backup Bidder, as these documents were modified by the Successful Bidder and the Backup Bidder at the Auction (respectively, the "**Successful Bid**" and the "**Backup Bid**") will be filed on November 18, 2015.

3. <u>Initial Assignment Notice</u>. On October 29, 2015, the Debtor served an initial assignment notice that indicated their intent to assume and assign certain agreements to

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (0556); Outdoor Direct Corporation (9246) f/k/a The Brinkmann Corporation; National Consumer Outdoors Corporation (1153) f/k/a Dallas Manufacturing Company, Inc.; Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

which the Debtor is a party (collectively, the "**Assigned Agreements**"), as well as the cure amount asserted by the Debtor that is necessary to cure any default under the relevant Assigned Agreement pursuant to section 365 of the Bankruptcy Code (the "**Cure Amounts**").

4. Additional Assumed Agreements/Amended Cure Amounts. Attached as **Exhibit A-1** and **Exhibit A-2** hereto is a list, pursuant to the **Successful Bid** and the **Backup Bid**, respectively, of (i) any changes to or additional Assigned Agreements along with any associated Cure Amounts and (ii) any amended Cure Amounts with respect to original Assigned Agreements, which amended cure amounts are shown in bold.

5. Adequate Assurance of Future Performance. Adequate assurance of future performance will be provided at the Sale Hearing.

6. Sale Hearing. The Bidding Procedures Order provides that the Sale Hearing will be held on **November 19, 2015, at 2:00 p.m. (prevailing Eastern Time)**, before the Honorable Kevin Gross, United States Bankruptcy Judge, in Courtroom 3, 6th Floor, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street N, Wilmington, Delaware 19801. At the Sale Hearing, the Debtor will request that the Bankruptcy Court enter an order approving the Sale of the Purchased Assets to the Successful Bidder.

7. Objection Deadline.

Adequate Assurance of Future Performance: Any interested party that wishes to object to the Successful Bidder's adequate assurance or the Backup Bidder's adequate assurance designated in this Notice, may appear at the Sale Hearing and assert such objection.

Additional Assumed Contracts and Additional Assumed Leases: To the extent that a contract or lease has been noticed as an Additional Assumed Agreement or Additional Assumed Lease, and the Counterparty thereto previously received notice of the anticipated Cure Amount, such Counterparty must appear at the Sale Hearing and assert any objection (a) to the assumption and assignment of such Additional Assumed Contract or Additional Assumed Lease; (b) the Successful Bidder's adequate assurance or the Backup Bidder's adequate assurance designated in this Notice; or (c) the Cure Amount.

Amended Cure Amounts: If the Amended Cure Amount is less than the initial Cure Amount, you have fourteen (14) days from the date of this Motion to object to the Amended Cure Amount. The Court will schedule a hearing on any such objection.

8. Upon filing of an objection by a Counterparty to an Assumed Lease and Contract, the Debtor and/or the Purchaser will contact the objecting Counterparty to attempt to consensually resolve any timely served objection. If the Debtor and/or the Purchaser are unable to resolve the objection, (i) to the extent such objections relate to the adequate assurance of future performance by the Purchaser or Successful Bidder, such objections will be heard at the Sale Hearing or (ii) to the extent such objections relate to a Cure Amount, such objections will be heard at a hearing to be scheduled by the Court at the Sale Hearing.

9. To the extent that any interested party does not timely serve (x) a Sale Objection as set forth above, such party will be deemed to have (i) consented to the assumption

and assignment of the applicable Additional Assumed Contract or Additional Assumed Lease; (ii) agreed that the Successful Bidder and the Backup Bidder have provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code; (iii) agreed to the terms of the Sale Order; and (iv) waived any and all objections in connection with items (i) through (iii) hereof, or (y) a Cure Objection as set forth above, such party will be deemed, as applicable, to have (i) consented to the relevant Additional Cure Amount or Amended Cure Amount, if any; (ii) agreed to the terms of the Sale Order; and (iii) waived any and all objections in connection with items (i) through (ii) hereof.

10. A copy of each of the Bidding Procedures Order or any other document referenced herein can be viewed and obtained on the Court's website at https://ecf.deb.uscourts.gov or (without charge) at www.kccllc.net/malibu.

Dated: November 17, 2015

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Michael R. Seidl

Jeffrey N. Pomerantz (CA Bar No. 143717)
Maxim B. Litvak (CA Bar No. 215852)
Michael R. Seidl (DE Bar No. 3889)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: 302/652-4100
Facsimile: 302/652-4400
E-mail:     jpomerantz@pszjlaw.com
            mlitvak@pszjlaw.com
            mseidl@pszjlaw.com

Counsel for the Debtor and Debtor in Possession