**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| MALIBU LIGHTING CORPORATION, *et al.*,[1] | Case No. 15-12080 (KG) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: 1/12/2016 at 4:00 p.m. (ET)** |

**SUMMARY COVER SHEET TO
FIRST MONTHLY APPLICATION OF BLANK ROME LLP,
DELAWARE CO-COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF MALIBU LIGHTING CORPORATION,
*ET AL.*, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD FROM OCTOBER 20, 2015 THROUGH NOVEMBER 30, 2015**

| | |
|---|---|
| *Name of Applicant*: | Blank Rome LLP |
| *Authorized to Provide Professional Services to*: | Official Committee of Unsecured Creditors |
| *Date of Retention*: | November 17, 2015, *nunc pro tunc* to October 20, 2015 |
| *Period for which Compensation and Reimbursement is Sought*: | October 20, 2015 through November 30, 2015 |
| *Amount of Compensation Sought as Actual, Reasonable, and Necessary*: | $30,274.50 |
| *Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary*: | $828.19 |

This is a(n):   x   monthly ___ interim ___ final application

This is Blank Rome's first monthly fee application in these cases.

Time expended on this Fee Application will be included in Blank Rome's next fee application.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205); Outdoor Direct Corporation (9246) f/k/a The Brinkmann Corporation; National Consumer Outdoors Corporation (1153) f/k/a Dallas Manufacturing Company, Inc.; Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

146758.01600/101824443v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>MALIBU LIGHTING CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-12080 (KG)<br><br>Jointly Administered<br><br>Objection Deadline: 1/12/2016 at 4:00 p.m. (ET) |

**FIRST MONTHLY APPLICATION OF BLANK ROME LLP,
DELAWARE CO-COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF MALIBU LIGHTING CORPORATION,
*ET AL.*, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD FROM OCTOBER 20, 2015 THROUGH NOVEMBER 30, 2015**

This first monthly fee application for compensation and reimbursement of expenses (this "*Fee Application*") is filed by Blank Rome LLP ("*Blank Rome*") requesting payment for services rendered and reimbursement of expenses incurred as Delaware co-counsel to the Official Committee of Unsecured Creditors (the "*Committee*") of the above-captioned debtors and debtors in possession (the "*Debtors*") for the period from October 20, 2015 through November 30, 2015 (the "*Application Period*"). In support of this Fee Application, Blank Rome respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205); Outdoor Direct Corporation (9246) f/k/a The Brinkmann Corporation; National Consumer Outdoors Corporation (1153) f/k/a Dallas Manufacturing Company, Inc.; Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

146758.01600/101824443v.1

meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## General Background

2. On October 8, 2015 (the "***Petition Date***"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

3. Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtors continue in the management and operation of their businesses and property as debtors in possession. No trustee or examiner has been appointed in these cases.

4. On October 20, 2015, the Office of United States Trustee for the District of Delaware (the "***U.S. Trustee***") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. The Committee is currently comprised of the following five members: (i) Fibertex Corporation; (ii) Matthew Lee; (iii) Stein Fibers Ltd.; (iv) Shanghai Hazlian Electric Tools Co.; and (v) Pratt Industries, Inc. *See* Docket No. 109.

5. Subsequent to its formation, pursuant to section 1103(a) of the Bankruptcy Code, the Committee selected Lowenstein Sandler LLP ("***Lowenstein***") and Blank Rome to serve as its co-counsel and BDO USA, LLP ("***BDO***") to serve as its financial advisor.

6. On November 4, 2015, the Court entered an *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 203] (the "***Administrative Order***").

## The Committee's Retention of Blank Rome LLP

7. On November 17, 2015 upon prior application of the Committee, the Court entered an *Order Authorizing the Official Committee of Unsecured Creditors of Malibu Lighting Corporation, et al. to Retain and Employ Blank Rome LLP as its Delaware Co-Counsel*

146758.01600/101824443v.1

*Pursuant to 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014, Nunc Pro Tunc to October 20, 2015* [Docket No. 263].

8. Blank Rome did not receive, and is not holding, a retainer in connection with the cases.

9. Blank Rome is a nationally recognized law firm with extensive experience and expertise in bankruptcy and reorganization proceedings, particularly with respect to the representation of debtors and creditors.

10. Presently, the professionals at Blank Rome having the day-to-day responsibility for this matter are Bonnie Glantz Fatell and Victoria A. Guilfoyle. Blank Rome has drawn and will draw upon the knowledge and skills of other firm attorneys to provide services as the need arises.

## Customary Disclosures, Budget and Staffing Plan

11. This Fee Application is supported by the following exhibits, which are attached hereto and patterned on *Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, Effective November 1, 2013* (the "**UST Guidelines**"):[2]

(a) **Exhibit A** contains a disclosure of "customary and comparable compensation" charged by Blank Rome's professionals and paraprofessionals. As requested by Section C.3 of the UST Guidelines, Exhibit A provides a summary of the blended hourly rates of the timekeepers (segregated by position) included in this Fee Application compared to the blended hourly rates for timekeepers in Blank Rome's Wilmington, Delaware office for non-bankruptcy engagements.

---

[2] As set forth in the Committee's application to retain Blank Rome, Blank Rome intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines in connection with the Application and any interim and final fee applications to be filed by Blank Rome in these chapter 11 cases. The foregoing was based exclusively on the facts and circumstances of the Debtors' chapter 11 cases and Blank Rome fully reserves the right to object to such requirements, or any other requirements contained in the UST Guidelines in future cases should it determine that it is appropriate to do so.

(b) **Exhibit B** contains a summary of timekeepers for Blank Rome for these chapter 11 cases during the Application Period from October 20, 2015 through November 30, 2015.

(c) **Exhibit C** contains the budget and staffing plan for Blank Rome for these chapter 11 cases during the Application Period from October 20, 2015 through November 30, 2015.

**Statement Pursuant to UST Guidelines**

12. The following is provided in response to the questions set forth in Section C.5 of the UST Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees and terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response: No.

**Question:** If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response: Not applicable. The Committee' professionals have negotiated a budget with the Debtors, their lenders and the Committee as part of the final orders approving the Debtors' debtor-in-possession financing and use of cash collateral.

**Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response: No.

**Question:** Does this fee application include time or fees related to reviewing the time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

Response: No. The total time expended for preparation of this Fee Application and any corresponding compensation is not included herein but will be requested in a subsequent fee application of Blank Rome.

**Question:** Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response: No.

**Question:** If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response: Not applicable.

## Relief Requested

13. Blank Rome submits this Fee Application pursuant to Bankruptcy Code sections 330 and 331, the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the Administrative Order and DEL. BANKR. L.R. 2016-2. By this Fee Application, Blank Rome seeks (a) interim allowance of compensation for actual and necessary professional services rendered in the amount of $30,274.50 for the Application Period and payment of 80% of this amount ($24,219.60), and (b) the allowance and payment of 100% of its actual and necessary expenses incurred in the amount of $828.19, all in accordance with the terms of the Administrative Order.

## Summary of Fees

14. The total number of hours expended by Blank Rome professionals and paraprofessionals in performing professional services for the Committee during the Application Period was **60.70** hours at a blended billing rate of **$498.76** per hour. The value of these services has been computed at the rates Blank Rome customarily charges for similar services provided to other clients.

15. A detailed chronological itemization of the services rendered by each attorney and paraprofessional during the Application Period, calculated by tenths of an hour and categorized in accordance with the appropriate task codes, is attached hereto as **Exhibit D.** Every effort has

been made by Blank Rome to categorize daily time entries in accordance with the correct task code. However, in some instances, services overlap between task codes. Thus, some services may appear under more than one task code, although in no instance is a specific time entry recorded more than once.

16. Specifically, the services rendered by Blank Rome during the Application Period included the following, without limitation:

**(Task Code 001)** <u>Case Administration</u>**:**

Total Hours: 14.00   Total Fees: $5,280.50

This category includes, but is not limited to, Blank Rome's time reviewing filings with the Court, preparing and e-filing a notice of appearance on behalf of the Committee, preparing and e-filing motions for admission *pro hac vice* of attorneys at Lowenstein, co-counsel to the Committee, maintaining a case calendar, and preparing for and/or attending the omnibus hearings on October 27, November 4 and November 19, 2015.

**(Task Code 002)** <u>Creditors Committee</u>**:**

Total Hours: 11.70   Total Fees: $6,302.50

Time billed to this category includes Blank Rome's work on Committee business and includes time spent communicating with Committee members and other creditors and preparing for and participating in various in person and telephonic meetings with the Committee and its professionals during the application period. This category also includes Blank Rome's work (i) advising the Committee with respect to the *Motion of the Official Committee of Unsecured Creditors for an Order Establishing Procedures for Compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c)* [Docket No. 141]; and (ii) attending the Debtors' section 341 meeting of creditors.

**(Task Code 003)        Retentions/Employment:**

           Total Hours: 14.60        Total Fees: $5,410.00

Time billed to this category includes Blank Rome's work on retention and employment matters, including the preparation and filing of the Committee's applications to retain Blank Rome and Lowenstein as its co-counsel and BDO as its financial advisor.

**(Task Code 005)        Financings and Cash Collateral:**

           Total Hours: 9.80        Total Fees: $6,906.00

Time billed to this category includes Blank Rome's work advising the Committee with respect to (i) the motion of debtor National Consumer Outdoors Corporation to approve debtor-in-possession financings and (ii) the motions of debtors Malibu Lighting Corporation and Outdoor Direct Corporation to approve its use of cash collateral, including the Committee's objections thereto. This category also includes time spend preparing for and attending the October 27, 2015 hearing regarding the same.

**(Task Code 007)        Asset Dispositions:**

           Total Hours: 10.30        Total Fees: $6,116.00

Time billed to this category includes Blank Rome's work advising the Committee with respect to the motion of debtor National Consumer Outdoors Corporation to approve bidding and sale procedures and the sale of its assets, including the Committee's objections thereto. This category also includes time spent preparing for and attending the November 19, 2015 hearing regarding bidding and sale procedures.

**(Task Code 009)     Relief from Stay and Adequate Protection:**

**Total Hours: 0.30     Total Fees: $259.00**

Time billed to this category was spent reviewing a purported creditor's motion for relief from the automatic stay against debtor National Consumer Outdoors Corporation.

17.     The foregoing summary descriptions of services rendered are not intended to be exhaustive descriptions of the scope of Blank Rome's services rendered to the Committee during the Application Period. The time records attached hereto as **Exhibit D** set forth the specific work performed by Blank Rome in each billing category during the Application Period.

**Actual and Necessary Costs and Expenses Incurred**

18.     Reimbursement of expenses in the amount of $828.19 is sought herein. A categorized summary of the actual and necessary costs and expenses incurred by Blank Rome during the Application Period, and an itemization of each expense within each category, is attached as **Exhibit E**. Blank Rome reserves the right to request, in subsequent fee applications, reimbursement of any additional expenses incurred during the Application Period, as such expenses may not have been captured to date in Blank Rome's billing system.

**Blank Rome's Requested
Compensation and Reimbursement Should Be Allowed**

34.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—

    (a)    the time spent on such services;

    (b)    the rates charged for such services;

    (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35. Blank Rome respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Committee and were rendered to protect and preserve the Committee's rights. Blank Rome further believes that it performed the services for the Committee economically, effectively and efficiently, and the results obtained benefitted the Committee. Blank Rome further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Committee.

**Compliance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules**

19. In accordance with DEL. BANKR. L.R. 2016-2, a summary schedule of hours and fees for each attorney and paraprofessional, as well as a summary of the hours and fees categorized by project code and allocated by debtor, is attached hereto at **Exhibit B** and

**Exhibit D**, respectively. The undersigned submits that this Fee Application complies with DEL. BANKR. L.R. 2016-2.

20. Blank Rome submits that the services rendered and expenses incurred were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of Bankruptcy Code section 330.

21. No agreement or understanding exists between Blank Rome and any other entity (other than members or employees of Blank Rome) for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

**Notice**

22. As required by the Administrative Order, a copy of this Fee Application has been served upon: (a) counsel to the Debtors; (b) counsel to the Debtors' pre-petition and post-petition lenders; and (c) the Office of the United States Trustee.

WHEREFORE, Blank Rome respectfully requests an award of compensation for professional services rendered as Delaware co-counsel to the Committee during the Application Period in the sum of $30,274.50 (80% of $30,274.50 is $24,219.60), together with the reimbursement of expenses incurred in the amount of $828.19, and such other and further relief that the Court deems just, proper and necessary.

| | |
|---|---|
| Dated: December 22, 2015<br>Wilmington, Delaware | **BLANK ROME LLP**<br><br>*/s/ Victoria Guilfoyle*<br>Bonnie Glantz Fatell (DE No. 3809)<br>Victoria A. Guilfoyle (DE No. 5183)<br>1201 Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-6423<br>Facsimile: (302) 252-0921<br>E-mail: Fatell@BlankRome.com<br>Guilfoyle@BlankRome.com |