IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT OF APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, Jeffrey N. Pomerantz, declare under penalty of perjury as follows:

1. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), located at 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, and have been duly admitted to practice law in the State of California, States District Court for the District of California, among other jurisdictions. This supplemental declaration (the "Supplemental Declaration") supplements the previously-filed *Declaration of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Declaration"), [Docket No. 62-3], and the application filed concurrently with the Declaration [Docket No. 62], (the

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (0556); Outdoor Direct Corporation f/k/a The Brinkmann Corporation (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

"Application"). On November 4, 2015, the Court entered an Order granting the Application [Docket No. 198].

2. Prior to the Petition Date, the Firm was engaged to represent the Debtors pursuant to the Firm's retention agreement (the "Retention Agreement"). In addition to the Firm's representation of the Debtors, the Firm also agreed to represent LightStar Corporation ("LightStar") under the Retention Agreement. LightStar is the sister corporation of both Debtor Outdoor Direct Corporation f/k/a The Brinkmann Corporation ("ODC") and Debtor Malibu Lighting Corporation ("MLC"). LightStar is not one of the Debtors. I did not recall that the Retention Agreement included the retention of the Firm by Lightstar when I submitted my Declaration. On December 22, 2015, the Firm sent a letter to the Debtors' Chief Restructuring Officer, David Baker, pursuant to which it officially withdrew its representation of LightStar (the "LightStar Resignation Letter"). Prior to submission of the LightStar Resignation Letter, the Firm did not provide any material representation of LightStar either prepetition or postpetition and did not bill LightStar in connection with or for any legal services. No amounts were or are owed by LightStar to the Firm.

3. In addition, as set forth in the Application, the Firm previously agreed that with respect to services and expenses that benefitted multiple Debtors, the Firm would allocate such fees and expenses based on the then-anticipated level of activity in the Debtors' cases, which at the time of the filing Application, was estimated to be 65% to National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Corporation ("NCOC"); 30% to ODC, and 5% to MLC. On December 1, 2015, the sale of substantially all of the assets of NCOC to Central Garden and Pet Company closed (the "NCOC Sale Closing".) Thus, in light

of the NCOC Sale Closing and the substantial amount of activities and services being performed and to be performed on behalf of ODC compared to the other Debtors, the Firm believes that it is appropriate to re-allocate the services on behalf of all Debtors as follows: 70% to ODC; 15% to MLC and 15% to NCOC. For services rendered on behalf of only ODC and MLC, the Firm believes it is appropriate to allocate such services as follows: 75% to ODC and 25% to MLC.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 24, 2015

_____
Jeffrey N. Pomerantz

by permission
JWP