# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MALIBU LIGHTING CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-12080 (KG)<br><br>(Jointly Administered)<br><br>Hearing Date: Only if an objection is filed<br>Objection Deadline: February 1, 2016 |

**FIRST MONTHLY APPLICATION OF LOWENSTEIN SANDLER LLP
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
FROM OCTOBER 20, 2015 THROUGH OCTOBER 31, 2015
FOR THE BENEFIT OF DEBTOR
<u>OUTDOOR DIRECT CORPORATION</u>**

| | |
|---|---|
| **Name of Applicant:** | Lowenstein Sandler LLP<br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>Telephone: 973.597.2500 |
| **Authorized to provide professional services to:** | The Official Committee of Unsecured Creditors |
| **Date of Retention:** | <u>**November 17, 2015, effective as of October 20, 2015**</u> |
| **Period for which compensation and reimbursement is sought:** | <u>**October 20, 2015 through October 31, 2015**</u> |
| **Amount of Compensation sought as actual, reasonable and necessary for ODC:** | <u>**$9,780.50**</u> |
| **Amount of *Allocated* Compensation Sought as actual, reasonable and necessary**[2]**:** | <u>**$27,431.33**</u> |

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205) ("**MLC**"); Outdoor Direct Corporation (9246) f/k/a The Brinkmann Corporation ("**ODC**"); National Consumer Outdoors Corporation (1153) f/k/a Dallas Manufacturing Company, Inc. ("**NCOC**"); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

[2] During the Fee Period (defined herein), Lowenstein Sandler billed for services benefitting multiple Debtors in the amount of $91,437.25. Consistent with the Debtors' allocations, such fees are allocated as follows: 65% to NCOC,

31764/5
01/11/2016 40848207.2

**Amount of Expense Reimbursement sought as actual, reasonable and necessary for ODC:**     **$0.00**

**Amount of *Allocated* Expense Reimbursement sought as actual, reasonable and necessary[3]:**     **$454.25**

**Total Monthly Fees Requested:**     **$29,769.46**   (80% of $37,211.83)

**Total Monthly Expenses Requested:**     **$454.25**

This is a(n): ☑ Monthly   ☐ Interim   ☐ Final application

## PRIOR APPLICATION HISTORY

| | | Requested | | Monthly Statements | | Certificate of No Objection / Signed Order |
|---|---|---|---|---|---|---|
| **Date Filed** | **Period Covered** | **Fees 100%** | **Expenses** | **Fees 80%** | **Expenses** | |
| **NO PREVIOUS APPLICATIONS** | | | | | | |

## SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM OCTOBER 20, 2015 THROUGH OCTOBER 31, 2015 FOR DEBTOR **OUTDOOR DIRECT CORPORATION**

| **Name of Professional** | **Year Admitted** | **Title/Department** | **Hours Spent** | **Hourly Rate** | **Charge** |
|---|---|---|---|---|---|
| Levine, Sharon L. | 1983 | Partner | 0.50 | $880.00 | $440.00 |
| Chafetz, Eric S. | 2004 | Counsel | 9.50 | $625.00 | $5,937.50 |
| Waldron, Keara | 2011 | Associate | 8.30 | $410.00 | $3,403.00 |
| **TOTAL FEES** | | | **18.30** | | **$9,780.50** |
| **Blended Rate** | | | | **$534.45** | |

---

30% to ODC and 5% to MLC (the "**Allocated Compensation**"). Accordingly, the Allocated Compensation for ODC for the Fee Period is $27,431.33.

[3] During the Fee Period, Lowenstein Sandler incurred expenses benefitting multiple Debtors in the amount of $1,514.15. Consistent with the Debtors' allocations, such expenses are allocated as follows: 65% to NCOC, 30% to ODC and 5% to MLC (the "**Allocated Expenses**"). Accordingly, the Allocated Expenses for ODC for the Fee Period are $454.25.

**SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING
SERVICES BENEFITTING MULTIPLE DEBTORS FROM OCTOBER 20, 2015
THROUGH OCTOBER 31, 2015 ALLOCATED FOR DEBTOR
<u>OUTDOOR DIRECT CORPORATION</u>**

| Name of Professional | Year Admitted | Title/Department | Hours Spent | Hourly Rate | Charge | Allocated Amount** |
|---|---|---|---|---|---|---|
| Citron, Lowell A. | 1995 | Partner | 8.30 | $815.00 | $6,764.50 | $2,029.35 |
| Levine, Sharon L. | 1983 | Partner | 21.90 | $880.00 | $19,272.00 | $5,781.60 |
| Nathan, Bruce S. | 1981 | Partner | 0.90 | $860.00 | $774.00 | $232.20 |
| Rosen, Kenneth A. | 1979 | Partner | 3.00 | $950.00 | $2,850.00 | $855.00 |
| Chafetz, Eric S. | 2004 | Counsel | 41.50 | $625.00 | $25,937.50 | $7,781.25 |
| *Chafetz, Eric S. - Travel Time | 2004 | Counsel | 3.10 | $312.50 | $968.75 | $290.63 |
| Bazian, Barry Z. | 2014 | Associate | 10.60 | $365.00 | $3,869.00 | $1,160.70 |
| Vislocky, Nicholas B. | 2013 | Associate | 26.40 | $400.00 | $10,560.00 | $3,168.00 |
| Waldron, Keara | 2011 | Associate | 40.40 | $410.00 | $16,564.00 | $4,969.20 |
| LaFiura-Smith, Kim Marie | N/A | Paralegal | 0.80 | $210.00 | $168.00 | $50.40 |
| Power, Megan | N/A | Paralegal | 14.00 | $265.00 | $3,710.00 | $1,113.00 |
| **TOTAL FEES** | | | **170.9** | | **$91,437.75** | $27,431.33 |
| | | **Attorney Blended Rate** | | **$560.92** | | |

*Reflects 50% rate reduction due to non-working travel time.
**Reflects Allocated Compensation defined in footnote 2.

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD OF
OCTOBER 20, 2015 THROUGH OCTOBER 31, 2015 FOR DEBTOR
<u>OUTDOOR DIRECT CORPORATION</u>**

| Task Description | Hours | Fees |
|---|---|---|
| Relief from Stay/Adequate Protection Proceedings | 4.80 | $2,161.50 |
| Financing/Cash Collateral | 13.50 | $7,619.00 |
| **Total:** | **18.30** | **$9,870.50** |

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY BENEFITTING MULTIPLE DEBTORS FOR THE PERIOD OF OCTOBER 20, 2015 THROUGH OCTOBER 31, 2015 ALLOCATED FOR DEBTOR OUTDOOR DIRECT CORPORATION**

| Task Description | Hours | Fees | Allocated Amount** |
|---|---|---|---|
| Case Administration | 10.90 | $4,829.50 | $1,448.85 |
| Asset Analysis and Recovery | 0.50 | $440.00 | $132.00 |
| Investigation of Prepetition Lenders | 23.30 | $11,054.50 | $3,316.35 |
| Asset Disposition | 4.30 | $2,659.50 | $797.85 |
| Relief from Stay/Adequate Protection Proceedings | 0.90 | $552.00 | $165.60 |
| Meetings of and Communication with Creditors | 36.00 | $20,718.50 | $6,215.55 |
| Fee/Employment Applications | 7.50 | $3,346.50 | $1,003.95 |
| Employment and Retention Applications – Others | 15.60 | $7,892.00 | $2,367.60 |
| Fee/Employment Objections | 0.20 | $73.00 | $21.90 |
| Fee Applications and Invoices – Others | 2.80 | $1,176.50 | $352.95 |
| Assumption/Rejection of Leases and Contracts | 0.60 | $246.00 | $73.80 |
| Other Contested Matters (excluding assumption/rejection motions) | 6.40 | $5,632.00 | $1,689.60 |
| Non-Working Travel | 3.10 | $968.75 | $290.63 |
| Business Operations | 21.80 | $11,037.50 | $3,311.25 |
| Employee Benefits/Pensions | 0.20 | $176.00 | $52.80 |
| Financing/Cash Collateral | 22.10 | $14,052.00 | $4,215.60 |
| Claims Administration and Objections | 1.60 | $950.50 | $285.15 |
| General Bankruptcy Advice/Opinions | 11.90 | $4,879.00 | $1,463.70 |
| Court Hearings | 0.30 | $166.00 | $49.80 |
| Other - Insurance Matters | 0.90 | $588.00 | $176.40 |
| **Total:** | | **$91,437.75** | **$27,431.33** |

** Reflects Allocated Compensation defined in footnote 2

**EXPENSE SUMMARY FOR THE PERIOD OF
OCTOBER 20, 2015 THROUGH OCTOBER 31, 2015 FOR DEBTOR
<u>OUTDOOR DIRECT CORPORATION</u>**

| Expense Category | Amount |
|---|---:|
| N/A | $0.00 |
| **Total Disbursements** | **$0.00** |

**EXPENSE SUMMARY FOR THE PERIOD OF
OCTOBER 20, 2015 THROUGH OCTOBER 31, 2015 BENEFITTING MULTIPLE
DEBTORS ALLOCATED FOR DEBTOR
<u>OUTDOOR DIRECT CORPORATION</u>**

| Expense Category | Amount | Allocated Expenses* |
|---|---:|---:|
| Telecommunications | $151.70 | $45.51 |
| Travel | $1,362.45 | $408.74 |
| **Total Disbursements** | **$1,514.15** | $454.25 |

*Reflects Allocated Expenses defined in footnote 3.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MALIBU LIGHTING CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-12080 (KG)<br><br>(Jointly Administered)<br><br>Hearing Date: Only if an objection is filed<br>Objection Deadline: _February 1, 2016_____ |

## FIRST MONTHLY APPLICATION OF LOWENSTEIN SANDLER LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM OCTOBER 20, 2015 THROUGH OCTOBER 31, 2015 FOR THE BENEFIT OF DEBTOR OUTDOOR DIRECT CORPORATION

TO: THE HONORABLE KEVIN GROSS,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the Interim Compensation Order (defined below), Lowenstein Sandler LLP ("**Lowenstein Sandler**"), as counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), appointed in the chapter 11 cases of Malibu Lighting Corporation, and affiliated Debtors, the above captioned Debtors and Debtors-In-Possession (collectively, the "**Debtors**"), submits its first monthly application (the "**Application**") for allowance of compensation and reimbursement of expenses related to ODC for the period of October 20, 2015 through October 31, 2015 (the "**Fee Period**"). By this Application, Lowenstein

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205) ("**MLC**"); Outdoor Direct Corporation (9246) f/k/a The Brinkmann Corporation ("**ODC**"); National Consumer Outdoors Corporation (1153) f/k/a Dallas Manufacturing Company, Inc. ("**NCOC**"); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

Sandler seeks a monthly allowance of compensation in the amount of $37,211.83[2]. Lowenstein Sandler also seeks expense reimbursement in the amount of $454.25[3]. Pursuant to the Interim Compensation Order, Lowenstein Sandler seeks payment of $30,233.71 (80% of the allowed fees plus 100% of the allowed expenses) for the Fee Period upon filing a certificate of no objection and/or resolution of any objections. In support of this Application, Lowenstein Sandler respectfully states as follows:

## BACKGROUND

1. On October 8, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

2. The Debtors continue to operate their businesses and manage their property as Debtors-In-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

3. On October 20, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. [Docket No. 109].

4. On October 20, 2015, the Committee selected Lowenstein Sandler and Blank Rome LLC to serve as its co-counsel in the Chapter 11 Cases.

5. On November 4, 2015, the Court entered the *Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals* (the "**Interim Compensation Order**") [Docket No. 203].

---

[2] During the Fee Period, Lowenstein Sandler billed for services benefitting multiple Debtors in the amount of $91,437.25. Consistent with the Debtors' allocations, such fees are allocated as follows: 65% to NCOC, 30% to ODC and 5% to MLC (the "**Allocated Compensation**"). Accordingly, this amount includes Allocated Compensation for ODC for the Fee Period in the amount of $27,431.33.

[3] During the Fee Period, Lowenstein Sandler billed for expenses benefitting multiple Debtors in the amount of $1,514.15. Consistent with the Debtors' allocations, such expenses are allocated as follows: 65% to NCOC, 30% to ODC and 5% to MLC (the "**Allocated Expenses**"). Accordingly, this amount includes Allocated Expenses for ODC for the Fee Period in the amount of $454.25.

2

6. On November 17, 2015, the Court entered the *Order Authorizing the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Official Committee of Unsecured Creditors effective as of October 20, 2015* ("**Retention Order**") [Docket No. 253]. The Retention Order authorizes Lowenstein Sandler to be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court, including Local Rule 2016-2, and any Order entered by this Court with respect to the compensation of professionals, including the Interim Compensation Order.

7. Through the Application, Lowenstein Sandler seeks allowance of compensation for professional services rendered for and on behalf of the Committee for the Fee Period. A detailed description of services rendered during the Fee Period to ODC is annexed hereto as **Exhibit "A"**. A detailed description of the services rendered benefitting multiple Debtors during the Fee Period is annexed hereto as **Exhibit "B"**. A schedule of disbursements incurred benefitting multiple Debtors during the Fee Period is annexed hereto as **Exhibit "C"**.

8. During the Fee Period, Lowenstein Sandler began the Committee's investigation into the acts, conduct, assets, liabilities and financial condition of ODC, ODC's interactions with its secured lender and potential estate causes of action related to same, and the operation of ODC's business. Lowenstein Sandler also attended to, and where appropriate prepared objections to, various motions filed by the Debtors which directly impacted ODC, including motions to approve the continued use of cash collateral, employee bonuses, the continued use of the Debtors' cash management system, the retention of ordinary course professionals and the continued uninterrupted use of utilities.

9. Additionally, Lowenstein Sandler spent time attending to ODC's motion for a determination that the automatic stay does not apply or should be lifted as to certain pending patent disputes with A&J Manufacturing.

10. Lowenstein Sandler also spent considerable time meeting with the Committee members and attending to all of the initial organizational matters associated with establishing a functioning Committee, including preparing the Committee bylaws, preparing an 1102 motion, preparing confidentiality agreements, and attending to retention of the Committee's professionals.

11. Finally, Lowenstein Sandler frequently communicated with the members of the Committee, by telephone and e-mail, to discuss the Debtors' business operations, chapter 11 strategies, cash collateral use, discovery requests, lien review issues, sale processes, the Debtors' retention of professionals, lease rejections, establishment of bar dates (including section 503(b)(9) claims), and other matters.

12. Lowenstein Sandler has rendered professional services as counsel to the Committee as requested and as necessary and appropriate in furtherance of the Committee's duties and functions in the Chapter 11 Cases.

13. Annexed hereto as **Exhibit "D"**, and made part hereof, is a Certification of Sharon L. Levine, Esq. submitted pursuant to section 504 of the Bankruptcy Code.

**SUMMARY OF SERVICES BY PROJECT CATEGORY**

14. The services rendered by Lowenstein Sandler during the Fee Period are grouped into the categories set forth in **Exhibit "A"** and **Exhibit "B"**. The attorneys and paralegals that rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category, are listed in the attachments hereto.

## DISBURSEMENTS

15. Lowenstein Sandler incurred reasonable and necessary out-of-pocket expenses, including Allocated Expenses, in the sum of $454.25 in connection with rendering legal services to the Committee during the Fee Period. A description of the expenses is set forth in **Exhibit "C"**. Such disbursements may include computerized legal research, telecommunications and travel expenses. Lowenstein Sandler has sought to utilize the most cost efficient method of communication consistent with the necessary time constraints. Westlaw and Lexis charges represent computerized legal research facility charges for computer assisted research. Use of Westlaw and Lexis greatly enhances legal research and access to case law from all jurisdictions, and is cost efficient, saving substantial attorney research time. The disbursements are itemized in the annexed schedule. These disbursements were necessary to effectively render legal services in the Chapter 11 Cases.

16. During the course of the Chapter 11 Cases, Lowenstein Sandler has incurred and paid its actual and necessary disbursements and expenses.

## VALUATION OF SERVICES & RELIEF REQUESTED

17. Attorneys and paraprofessionals employed by Lowenstein Sandler have expended a total of 189.2 hours in connection with this matter during the Fee Period detailed below.

18. The nature of the work performed by these persons is fully set forth in the detail attached hereto as **Exhibit "A"** and **Exhibit "B"**. The hourly rates set forth above are Lowenstein Sandler's current hourly rates for work of this nature. The reasonable value of the services rendered by Lowenstein Sandler, as counsel to the Committee, for the Fee Period, including Allocated Compensation is $37,211.83.

19. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title.

20. This is the Lowenstein Sandler's first monthly application pursuant to the Interim Compensation Order. Lowenstein Sandler has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Chapter 11 Cases, and there is no agreement or understanding between Lowenstein Sandler and any other person, other than members of the Lowenstein Sandler, for the sharing of compensation to be received for services rendered in the Chapter 11 Cases. No prior application has been made to this or any other Court for this Fee Period or for the allowance of fees and disbursements sought herein.

21. This Application covers the Fee Period. Lowenstein Sandler has and will continue to perform additional necessary services subsequent to October 31, 2015, for which Lowenstein Sandler will file subsequent fee applications.

**WHEREFORE**, Lowenstein Sandler respectfully requests that the Court grant the Application and allow Lowenstein Sandler's monthly fees in the amount of $37,211.83, less a twenty percent (20%) holdback in the amount of $7,442.37 for a total fee request in the amount of $29,769.46, for professional services rendered to and on behalf of the Committee related to ODC's case during the Fee Period, plus reimbursement of its actual, reasonable, and necessary expenses incurred in connection with services rendered during the Fee Period in the sum of $454.20, and that it be granted such other and further relief as the Court may deem just and proper.

Dated: January 11, 2016

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Bruce S. Nathan, Esq.
Eric S. Chafetz, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973) 597-2500
Facsimile:  (973) 597-2400
krosen@lowenstein.com
slevine@lowenstein.com
bnathan@lowenstein.com
echafetz@lowenstein.com

*-and-*

**BLANK ROME LLP**

*/s/ Bonnie Glantz Fatell*
Bonnie Glantz Fatell (DE No. 3809)
Victoria A. Guilfoyle (DE No. 5183)
1201 Market Street, Suite 800
Wilmington, DE  19801
Telephone: (302) 425-6423
Facsimile: (302) 425-6464
fatell@blankrome.com
guilfoyle@blankrome.com

*Counsel to the Official Committee of Unsecured Creditors*