IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 343** |

**ORDER AS TO DEBTORS OUTDOOR DIRECT CORPORATION F/K/A THE BRINKMANN CORPORATION AND MALIBU LIGHTING CORPORATION (A) APPROVING BIDDING PROCEDURES AND BIDDING PROTECTIONS FOR THE AUCTION OF DEBTORS' INVENTORY, INCLUDING BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (B) SCHEDULING AN AUCTION AND SALE HEARING, AND (C) GRANTING RELATED RELIEF**

Upon the Motion (the "**Motion**") of Outdoor Direct Corporation f/k/a The Brinkmann Corporation ("**ODC**") and Malibu Lighting Corporation ("**MLC**"), two of the above-captioned debtors and debtors in possession herein (collectively, the "**Debtors**"), for an order (A) approving certain bidding procedures and bidder protections (the "**Bidding Procedures**") for the sale of the Debtors' Acquired Inventory, (B) scheduling an auction and sale hearing related thereto, and (C) granting related relief, all as more fully set forth in the Motion; and the Debtors having entered into an *Asset Purchase Agreement* dated as of December 30, 2015 (the "**Agreement**")[2] with Sears Holdings Management Corp. (the "**Purchaser**"), for the sale of Acquired Inventory (as defined in the Agreement), which provides, among other things, for the payment of a purchase price consisting of cash of $1,792,000 (subject to certain specified

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (0556); Outdoor Direct Corporation (9246) f/k/a The Brinkmann Corporation; National Consumer Outdoors Corporation (1153) f/k/a Dallas Manufacturing Company, Inc.; Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

[2] All capitalized terms not defined herein have the meanings ascribed to them in the Agreement.

adjustments), plus the assumption of certain liabilities as expressly set forth in the Agreement; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the creditors appearing on the list submitted pursuant to Bankruptcy Rule 1017, (ii) those parties asserting an interest in the Acquired Inventory, and (iii) counsel to the Purchaser; and no other or further notice needing to be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings held before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. The Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105, 363, 503, 507, 1107, and 1108 of the Bankruptcy Code, and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedures. Venue of these cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. In accordance with Local Rules 6004-1 and 9006-1, the Debtors have properly filed and noticed the Motion as to the relief to be granted pursuant to this Order.

3. Good and sufficient notice of the relief sought in the Motion has been given, and no further notice is required except as set forth in the Bidding Procedures with respect to the Auction and the Sale Hearing. A reasonable opportunity to object or to be heard regarding the relief granted herein was afforded to all interested persons and entities.

4. The Debtors have articulated good and sufficient reasons for granting the Motion to the extent provided herein, including approving the Bidding Procedures, the Break-Up Fee, and the Expense Reimbursement.

5. The Bidding Procedures were negotiated in good faith and at arms' length, are reasonable and appropriate, and represent the best method for maximizing the return to the estates for the Acquired Inventory.

6. The Purchaser has expended, and will likely continue to expend, considerable time, money, and energy pursuing the purchase of the Acquired Inventory and has engaged in extended arms' length and good faith negotiations over the terms and conditions of the Agreement and the Bidding Procedures.

7. Recognizing this expenditure of time, energy, and resources, the Debtors have agreed to pay the Expense Reimbursement and the Break-Up Fee to the Purchaser subject to the conditions set forth in the Agreement. The Expense Reimbursement and the Break-Up Fee are (i) actual and necessary costs and expenses of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code; (ii) commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Purchaser; (iii) reasonable and appropriate in light of the size and nature of the proposed sale, comparable transactions, the commitments that have been made, and the efforts that have been and will be expended by the Purchaser; and (iv) necessary to induce the Purchaser to continue to pursue the purchase of the Acquired Inventory.

8. The Debtors have demonstrated a sound business justification for authorizing the payment of the Expense Reimbursement and the Break-Up Fee to the Purchaser under the terms set forth herein. The Expense Reimbursement and the Break-Up Fee have been negotiated at arms' length and are reasonable under the circumstances.

**THEREFORE IT IS HEREBY ORDERED THAT**:

A. The Bidding Procedures attached hereto as **Annex 1** are hereby authorized and approved.

B. The form and sufficiency of the Auction and Hearing Notice attached hereto as **Annex 2** is approved.

C. The form and sufficiency of the Creditor Notice attached hereto as **Annex 3** is approved.

D. The Expense Reimbursement and the Break-Up Fee are approved in their entirety, as set forth herein. The Debtors may pay the Expense Reimbursement and the Break-Up Fee to the Purchaser subject to the terms of, and in accordance with, the Agreement, as provided herein, provided, however, that the Expense Reimbursement shall be limited to actual out-of-pocket expenses incurred by Purchaser. Prior to payment of the Expense Reimbursement, the Purchaser shall submit a statement of incurred expenses requested in the Expense Reimbursement to (i) the Debtors, (ii) the Committee, (iii) Bank of America, (iv) Comerica Bank, and (v) the Office of the United States Trustee at the addresses set forth in Paragraph E of this Order, and which parties shall have ten (10) days to object to the requested Expense Reimbursement. If no objection is timely received, then the Debtors shall promptly pay the Expense Reimbursement amounts to the Purchaser in accordance with the Agreement and this Order. The Break-Up Fee and Expense Reimbursement shall constitute administrative expenses

- 4 -

DOCS_DE:204606.1 10821/005

of each of the Debtors' estates pursuant to section 503(b) of the Bankruptcy Code and shall be paid by the Debtors exclusively out of the proceeds of the sale at the closing of the sale of the Acquired Inventory to any other party in accordance with the terms of the Agreement and this Order. The Debtors' secured lenders, Comerica Bank and Bank of America, each consent that the Break-Up Fee and Expense Reimbursement shall be paid exclusively out of the proceeds of the sale of Acquired Inventory to any other party in accordance with the terms of the Agreement and this Order, irrespective of the lenders' own rights to such proceeds. The condition set forth in section 11.4.8 of the Agreement is deemed satisfied upon entry of this Order.

E. The credit bid rights of Bank of America, N.A. ("BANA") and Comerica Bank under section 363(k) of the Bankruptcy Code are preserved, and such parties shall be deemed to be Qualified Bidders in respect to any such credit bid(s), provided, however, that any credit bid must exclude any assets that do not constitute such bidder's prepetition collateral, in which case such bidder may only make a bid in cash for any such non-collateral assets. The failure of the Committee to object to any credit bid put forth by BANA or the Court's approval of any such credit bid shall not (a) prejudice or impair any rights of the Committee to challenge the nature, extent, validity, priority, perfection, or amount of BANA's alleged liens, security interests, and claims or (b) release BANA from any cause of action which can be brought by or on behalf of the Debtors' estates.

F. The Debtors shall provide the Consulting Parties with notice and copies (if applicable) of (i) delivery of the Preliminary Inventory Schedule to Debtors as provided in section 2.4.2 of the Agreement and the completion of the Final Inventory Schedule, as provided in section 2.4.3 of the Agreement; (ii) the Stalking Horse's exercise of its option to extend the Removal Period for any warehouses as provided in 3.7 of the Agreement, (iii) the calculation of

the Apportionable Expenses in section 3.5 of the Agreement, and (iv) the delivery of any notice of termination as provided in section 11.5 of the Agreement.

G. Objections, if any, to the sale of the Acquired Inventory shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served on: (a) Debtors' counsel, Pachulski Stang Ziehl & Jones LLP, 17th Floor, Wilmington, DE 19801 (Attn: Michael R. Seidl, mseidl@pszjlaw.com) and 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz, jpomerantz@pszjlaw.com), (b) counsel to the Committee, Lowenstein Sandler LLP, 65 Livingston Ave, Roseland, NJ 07068 (Attn: Sharon L. Levine, slevine@lowenstein.com, Kenneth A. Rosen, krosen@lowenstein.com, Eric S. Chafetz, echafetz@lowenstein.com) and Bruce S. Nathan, bnathan@lowenstein.com, (c) counsel to Comerica, Jackson Walker L.L.P., 901 Main Street, Suite 6000, Dallas, TX 75202 (Attn: David Stolle, dstolle@jw.com and Bruce Ruzinsky, bruzinsky@jw.com), (d) counsel to Bank of America, N.A., Bryan Cave LLP, Two North Central Ave., Suite 2200, Phoenix, AZ 85004 (Attn: Robert J. Miller, rjmiller@bryancave.com and Brian Walsh, brian.walsh@bryancave.com), (e) counsel to the Purchaser, Barack Ferrazzano Kirschbaum & Nagelberg, LLP, 200 W. Madison, Suite 3900, Chicago, IL 60606 (Attn: William Barrett, william.barrett@bfkn.com), (f) the Office of the United States Trustee, Attn., J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Linda Casey, linda.casey@usdoj.gov), and (g) any other party requesting service in this case, so as to be actually received by **4:00 p.m. (Eastern Time) on February 5, 2016** (the "**Objection Deadline**"), and service to the above parties may be by email.

H. The Court shall conduct the Sale Hearing and consider any unresolved objections to the Sale on **February 10, 2016 at 10:00 a.m. (Eastern Time)** or at such other time ordered by the Court.

I. This Court shall retain exclusive jurisdiction over any matter or dispute relating to the sale of the Acquired Inventory, the Agreement, the Bidding Procedures, the Break-Up Fee, the Expense Reimbursement, the Sale Hearing, the Auction, the Successful Bid, the Backup Bid, and/or any other matter that in any way relates to the foregoing.

J. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

Dated: January 20 2016
Wilmington, Delaware

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE