# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) Case No. 15-12080 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**Objection Deadline: February 15, 2016, at 4:00 p.m. EST**
**Hearing Date: Scheduled only if Necessary**

## SUMMARY OF THIRD MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR DEBTOR OUTDOOR DIRECT CORPORATION F/K/A THE BRINKMANN CORPORATION, FOR THE PERIOD FROM DECEMBER 1, 2015, THROUGH DECEMBER 31, 2015

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective *nunc pro tunc* to October 8, 2015, by order signed on or about November 4, 2015 |
| Period for which Compensation and Reimbursement is Sought: | December 1, 2015 – December 31, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $18,694.00 |
| Amount of *Allocated* Compensation Sought as Actual, Reasonable and Necessary: | *$98,288.975* |
| **Total Amount of Compensation Sought as Actual, Reasonable and Necessary:** | **$116,982.98** |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,132.30 |
| Amount of *Allocated* Expense Reimbursement Sought as Actual, Reasonable and Necessary: | *$557.62* |
| **Total Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary:** | **$2,689.92** |

This is a:     x  monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,500.00.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation ("MLC") (0556); Outdoor Direct Corporation f/k/a The Brinkmann Corporation ("ODC") (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. ("NCOC") (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees (80%) | Approved Expenses (100%) |
|---|---|---|---|---|---|
| 11/25/15 | 10/08/15 - 10/31/15 | $118,397.63 | $6,437.06 | $94,718.10 | $6,437.06 |
| 12/23/15 | 11/01/15 - 11/30/15 | $70,001.15 | $23,531.41 | $56,000.92 | $23,531.41 |

As more fully set forth in the *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 62] (the "Retention Application"), the Firm bills fees and expense to the estate of ODC for services rendered and expenses incurred on behalf of OCD. The time records for fees and expenses billed directly to ODC are set forth on Exhibit A. The Retention Application, as supplemented by the *Supplemental Declaration of Jeffrey N. Pomerantz In Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 338] (the "Supplemental Retention Declaration"), also provides that for services and expenses that benefit all Debtors, the Firm will allocate such fees and expenses based on anticipated level of activity in the cases, which is presently allocated as: 70% to ODC, 15% to NCOC and 15% to MLC. Time records billed for the benefit of all Debtors are attached hereto as Exhibit B. 15% of the time billed in Exhibit B has been allocated to ODC and is included herein. For services rendered on behalf of ODC and MLC jointly, the Firm will allocate such fees and expenses as 75% to ODC and 25% to MLC. Time records billed

for the benefit of ODC and MLC are attached hereto as <u>Exhibit C</u>. 75% of the time billed in

<u>Exhibit C</u> has been allocated to ODC and is included herein.

## <u>PSZ&J PROFESSIONALS</u>[1]

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice, States Admitted to Practice (including Changes) | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | 1.90 | $ 1,700.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $795.00 | 0.10 | $     79.50 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member of NJ Bar since 2000 | $750.00 | 18.60 | $13,950.00 |
| William R. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $675.00 | 1.00 | $    650.00 |
| Michael R. Seidl | Partner 2003; Member of D.C. Bar since 1996; Member of DE Bar since 2000 | $675.00 | 0.90 | $    607.50 |
| Patricia J. Jeffries | Paralegal 1999 | $305.00 | 3.50 | $ 1,067.50 |
| Kathe F. Finlayson | Paralegal 2000 | $305.00 | 1.20 | $    366.00 |
| Beth D. Dassa | Paralegal 2006 | $305.00 | 0.60 | $    183.00 |
| Charles J. Bouzoukis | Case Management Assistant | $225.00 | 0.40 | $     90.00 |

**Total:** $18,694.00
**Total Hours:** 28.20
**Blended Rate:** $662.91

---

[1] This chart represents time billed directly for the benefit of ODC.

DOCS_DE:204772.1 10821/002                    2

## COMPENSATION BY CATEGORY[2]

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery[B120] | 0.50 | $ 389.50 |
| Asset Disposition [B130] | 5.00 | $3,909.50 |
| Bankruptcy Litigation [L430] | 1.20 | $ 383.00 |
| Business Operations | 3.70 | $2,775.00 |
| Claims Admin/Objections[B310] | 5.50 | $4,212.00 |
| Comp. of Prof./Others | 0.90 | $ 274.50 |
| Compensation Prof. [B160] | 8.10 | $4,283.50 |
| Executory Contracts [B185] | 1.00 | $ 750.00 |
| Litigation (Non-Bankruptcy) | 0.50 | $ 389.50 |
| Operations [B210] | 0.80 | $ 600.00 |
| Stay Litigation [B140] | 1.00 | $ 727.50 |
| **Total** | **28.20** | **$18,694.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Reproduction/Scan Copy | | $ 423.40 |
| Reproduction Expense | | $ 202.90 |
| Filing Fee | USBC, USDC Delaware | $ 201.00 |
| Transcript | Reliable | $1,305.00 |
| **Total** | | **$2,132.30** |

---

[2] These charts represent time and expenses billed directly for the benefit of ODC.

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

# ALLOCATED PROFESSIONAL SUMMARY[4]

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice, States Admitted to Practice | Hourly Billing Rate (including Changes) | Total Allocated Hours | Total Allocated Compensation |
|---|---|---|---|---|
| Richard J. Gruber | Former Partner 1995; Of Counsel 2008; Member of CA Bar since 1982 | $925.00 | 2.850 | $ 2,636.250 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | 6.790 | $ 6,077.050 |
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $875.00 | 26.325 | $23,034.375 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983; Member of CA Bar since 1990 | $850.00 | 1.800 | $ 1,530.000 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $795.00 | 0.840 | $ 667.800 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999 / Member of NJ Bar since 2000 | $750.00 | 48.730 | $36,547.500 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $695.00 | 12.525 | $ 8,704.875 |
| Michael R. Seidl | Partner 2003; Member of D.C. Bar since 1996; Member of DE Bar since 2000 | $675.00 | 14.070 | $ 9,497.250 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $525.00 | 9.675 | $ 598.500 |
| Beth D. Dassa | Paralegal 2006 | $305.00 | 3.425 | $ 1,044.625 |
| Kathe F. Finlayson | Paralegal 2000 | $305.00 | 6.495 | $ 1,980.975 |
| Patricia J. Jeffries | Paralegal 1999 | $305.00 | 1.680 | $ 512.400 |
| Beatrice M. Koveleski | Case Management Assistant | $225.00 | 0.420 | $ 94.500 |

---

[4] This chart represents 70% of time allocated to ODC which was billed for the benefit of all Debtors and 15% of the time allocated to ODC which was billed for the benefit of ODC and MLC, as set forth in the Supplemental Retention Declaration.

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice, States Admitted to Practice | Hourly Billing Rate (including Changes) | Total Allocated Hours | Total Allocated Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant | $225.00 | 2.660 | $ 5,079.375 |
| Karen S. Neil | Case Management Assistant | $225.00 | 0.560 | $ 126.000 |
| Sheryle L. Pitman | Case Management Assistant | $225.00 | 0.700 | $ 157.500 |

**Total Allocated Amount:** **$98,288.975**
**Total Allocated Hours:** **139.545**
**Allocated Blended Rate:** **$704.35**

## ALLOCATED COMPENSATION BY CATEGORY[5]

| Project Categories | Allocated Hours | Allocated Fees |
|---|---|---|
| Asset Disposition | 66.405 | $52,597.125 |
| Bankruptcy Litigation | 11.845 | $ 5,599.625 |
| Business Operations | 0.210 | $ 157.500 |
| Case Administration | 14.430 | $ 8,141.100 |
| Claims Administration/Objection | 4.155 | $ 2,922.325 |
| Compensation of Professionals | 3.710 | $ 2,579.850 |
| Compensation of Professionals/Others | 4.275 | $ 2,692.125 |
| Executory Contracts | 9.410 | $ 6,505.125 |
| Financial Filings | 0.560 | $ 378.000 |
| Financing | 0.630 | $ 478.800 |
| General Creditors' Committee | 7.000 | $ 5,590.550 |
| Insurance Coverage | 2.475 | $ 2,036.250 |
| Retention of Professionals | 12.350 | $ 7,210.350 |
| Stay Litigation | 2.020 | $ 1,363.500 |
| Tax Issues | 0.070 | $ 36.750 |
| **Allocated Total** | **139.545** | **$98,288.975** |

---

[5] This chart represents 70% of time allocated to ODC which was billed for the benefit of all Debtors, and 75% of the time allocated to ODC which was billed for the benefit of ODC and MLC, as set forth in the Supplemental Retention Declaration.

## ALLOCATED EXPENSE SUMMARY[6]

| Expense Category | Service Provider[7] (if applicable) | Allocated Expenses |
|---|---|---|
| Auto Travel Expense | Eagle Transportation/ DND Transportation | $403.613 |
| Reproduction Expense | | $ 42.840 |
| Reproduction/ Scan Copy | | $111.165 |
| **Allocated Total** | | **$557.618** |

## GRAND TOTAL SUMMARY BY PROFESSIONAL[8]

| Name of Professional Individual | Hourly Billing Rate (including Changes) | Total Hours | Total Compensation |
|---|---|---|---|
| Richard J. Gruber | $925.00 | 2.850 | $ 2,636.250 |
| Jeffrey N. Pomerantz | $895.00 | 8.690 | $ 7,777.550 |
| David J. Barton | $875.00 | 26.325 | $23,034.375 |
| Iain A.W. Nasatir | $850.00 | 1.800 | $ 1,530.000 |
| Maxim B. Litvak | $795.00 | 0.940 | $ 747.300 |
| Joshua M. Fried | $750.00 | 67.330 | $50,497.500 |
| Jonathan J. Kim | $695.00 | 12.525 | $ 8,704.875 |
| Michael R. Seidl | $675.00 | 14.970 | $10,104.750 |
| William L. Ramseyer | $650.00 | 1.000 | $ 650.000 |
| Cia H. Mackle | $525.00 | 9.675 | $ 5,079.375 |
| Beth D. Dassa | $305.00 | 4.025 | $ 1,227.625 |
| Kathe F. Finlayson | $305.00 | 7.695 | $ 2,346.975 |
| Patricia J. Jeffries | $305.00 | 5.180 | $ 1,579.900 |
| Beatrice M. Koveleski | $225.00 | 0.420 | $ 94.500 |
| Charles J. Bouzoukis | $225.00 | 3.060 | $ 688.500 |
| Karen S. Neil | $225.00 | 0.560 | $ 126.000 |
| Sheryle L. Pitman | $225.00 | 0.700 | $ 157.500 |
| **Grand Total** | | **167.745** | **$116,982.975** |

Grand Total:            $116,982.975
Grand Total Hours:   167.745
Total Blended Rate:    $697.39

---

[6] This chart represents 70% of expenses incurred allocated to ODC which were billed for the benefit of all Debtors, and 75% of the expenses allocated to ODC which was billed for the benefit of ODC and MLC, as set forth in the Supplemental Retention Declaration.

[7] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

[8] This chart includes the combined time billed directly for the benefit of ODC and that allocated to ODC, as set forth in the Supplemental Retention Declaration.

# GRAND TOTAL SUMMARY BY CATEGORY[9]

| Project Categories | Grand Total Hours | Grand Total Fees |
|---|---|---|
| Asset Analysis | 0.500 | $ 389.500 |
| Asset Disposition | 71.405 | $56,506.625 |
| Bankruptcy Litigation | 13.045 | $ 5,982.625 |
| Business Operations | 3.910 | $ 2,932.500 |
| Case Administration | 14.430 | $ 8,141.100 |
| Claims Administration/Objection | 9.655 | $ 7,134.325 |
| Compensation of Professionals | 11.810 | $ 6,863.350 |
| Compensation of Professionals/Others | 5.175 | $ 2,966.625 |
| Executory Contracts | 10.410 | $ 7,255.125 |
| Financial Filings | 0.560 | $ 378.000 |
| Financing | 0.630 | $ 478.800 |
| General Creditors' Committee | 7.000 | $ 5,590.550 |
| Insurance Coverage | 2.475 | $ 2,036.250 |
| Litigation (Non-Bankruptcy) | 0.500 | $ 389.500 |
| Operations | 0.800 | $ 600.000 |
| Retention of Professionals | 12.350 | $ 7,210.350 |
| Stay Litigation | 3.020 | $ 2,091.000 |
| Tax Issues | 0.070 | $ 36.750 |
| **Grand Total** | **167.745** | **$116,982.975** |

# GRAND TOTAL EXPENSE SUMMARY

| Expense Category | Grand Total Expenses |
|---|---|
| Auto Travel Expense | $ 403.613 |
| Filing Fee | $ 201.000 |
| Reproduction Expense | $ 245.740 |
| Reproduction/ Scan Copy | $ 534.565 |
| Transcript | $1,305.000 |
| **Totals** | **$2,689.918** |

---

[9] These charts include the combined time and expenses billed directly for the benefit of ODC and that allocated to ODC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Objection Deadline: February 15, 2016, at 4:00 p.m. EST
Hearing Date: Scheduled only if Necessary

### THIRD MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR DEBTOR OUTDOOR DIRECT CORPORATION F/K/A THE BRINKMANN CORPORATION, FOR THE PERIOD FROM DECEMBER 1, 2015, THROUGH DECEMBER 31, 2015

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) and Local Rule 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, signed on or about November 4, 2015 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the debtors and debtors in possession, hereby submits its *Third Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for Outdoor Direct Corporation f/k/a The Brinkmann Corporation for the Period from December 1, 2015, through December 31, 2015* (the "Application").

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation ("MLC") (0556); Outdoor Direct Corporation f/k/a The Brinkmann Corporation ("ODC") (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. ("NCOC") (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

By this Application, PSZ&J seeks a monthly interim allowance of compensation in the amount of $116,982.98 and actual and necessary expenses in the amount of $2,689.92 for a total allowance of $119,672.89 (inclusive of allocated amounts) and payment of $93,586.38 (80% of the allowed fees) and reimbursement of $2,689.82 (100% of the allowed expenses) for a total payment of $96,276.30 for the period December 1, 2015 through December 31, 2015 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1.     On October 08, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     On October 20, 2015, the United States Trustee for Region 3 appointed the Official Committee of Unsecured Creditors (the "Committee") to represent the interests of all unsecured creditors in this Case pursuant to section 1102 of the Bankruptcy Code.

4.     On or about November 4, 2015, the Court signed the Administrative Order, authorizing certain professionals and members of any official committee ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides,

among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending December 31, 2015, and at three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

5.     The retention of PSZ&J, as counsel to the Debtors, was approved effective as of October 8, 2015, by this Court's *Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date*, signed on or about November 4, 2015 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

6.     All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibits A, B, and C. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working travel time to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibits A , B, and C. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the

person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.     PSZ&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in this case.

10.    With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11.    PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.    The names of the timekeepers of PSZ&J who have rendered professional services in this case during the Interim Period are set forth in the attached Exhibits A, B, and C. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various

motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' chapter 11 cases.

## Summary of Services by Project

13.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the Exhibits A, B and C. Exhibits A, B and C identify the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

## A.      Asset Analysis/Recovery

14.     Time billed to this category relates to analyzing OHL released inventory issues and UTEC documents.

| | | | |
|---|---|---|---|
| Fees: | $389.50 | Hours: | .50 |
| Allocated Fees: | $0.00 | Allocated Hours: | 0.00 |
| Total Fees: | $389.50 | Total Hours: | .50 |

## B.    Asset Disposition

15.    Time billed to this category relates to, among other things: (i) addressing IP sale issues; (ii) addressing outstanding issues regarding liquidation of remaining assets; (iii) conferring with counsel regarding new inventory sale process; (iv) preparation of an Asset Purchase Agreement with Sears; (v) preparing a sales procedures motion; and (vi) reviewing and analyzing vehicle appraisals.

Fees:            $3,909.50      Hours: 5.00

Allocated Fees:   $52,957.125    Allocated Hours: 66.405

Total Fees:       $56,506.625    Total Hours: 71.405

## C.    Bankruptcy Litigation

16.    Time billed to this category relates to, among other things: (i) addressing issues and tasks in connection with the December 8th and 22nd hearings; (ii) preparing hearing agendas; (iii) preparing a removal extension motion; and addressing A&J settlement issues.

Fees:            $383.00        Hours: 1.20

Allocated Fees:   $5,599.625     Allocated Hours: 11.845

Total Fees:       $5,982.625     Total Hours: 13.045

## D.    Business Operations

17.    Time billed to this category relates to the day-to-day operations of ODC's business. During the Interim Period, the Firm, among other things, (i) reviewed correspondence regarding tooling issues; (ii) analyzed credit card holdbacks and (iii) reviewed indemnity bonds.

Fees:            $2,775.00      Hours: 3.70

Allocated Fees:   $157.50        Allocated Hours: .21

Total Fees: $2,932.50     Total Hours: 3.91

## E.     Case Administration

18.     This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things: (i) reviewed correspondences and pleadings and forwarded them to appropriate parties; (ii) maintained a memorandum of critical dates; (iii) maintained document control with respect to filed pleadings on the Court's docket; (iv) maintained service lists; and (v) conferred and corresponded regarding case administration issues.

| | | | |
|---|---|---|---|
| Fees: | $0.00 | Hours: | 0.00 |
| Allocated Fees: | $8,141.10 | Allocated Hours: | 14.43 |
| Total Fees: | $8,141.10 | Total Hours: | 14.43 |

## F.     Claims Administration/Objection

19.     This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (i) reviewed the claims bar date order and addressed late filed claim issues; (ii) attended to service of claims bar date order; (iii) conferred with Aurora regarding Committee inquiries relating to claim liability amounts; (iv) addressed mediation issues regarding claims; (v) reviewed payables and claims; (vi) addressed insurance coverage issues relating to ODC product liability claims; (vii) reviewed and analyzed issues regarding drawn down on North Central bond; and (viii) prepared a stipulation resolving Tractor Supply claim issues.

| | | | |
|---|---|---|---|
| Fees: | $4,212.00 | Hours: | 5.50 |
| Allocated Fees: | $2,922.325 | Allocated Hours: | 4.155 |

Total Fees:     $7,143.325     Total Hours:  9.655

## G.     Compensation of Professionals

20.     This category relates primarily to the preparation of the Debtors' monthly fee statements, and review of Aurora's monthly staffing reports.

Fees:             $4,283.50       Hours:  8.10

Allocated Fees:   $2,579.850      Allocated Hours:  3.710

Total Fees:       $6,863.350      Total Hours:  11.810

## H.     Compensation of Professionals (Others)

21.     This category relates primarily to the review and assistance with the preparation of Aurora's monthly staffing report, and review of ordinary course professionals payments.

Fees:             $274.50         Hours:  .90

Allocated Fees:   $2,579.850      Allocated Hours:  3.710

Total Fees:       $6,863.350      Total Hours:  11.810

## I.     Executory Contracts

22.     Time billed to this category relates to the review and disposition of the executory contracts and unexpired leases.  During the Interim Period, the Firm, among other things:  (i) attended to real and personal property lease payment issues; (ii) addressed lease rejection issues; and (iii)  finalized a 365(d)(4) extension motion.

Fees:             $750.00         Hours:  1.00

Allocated Fees:   $6,505.125      Allocated Hours:  9.410

Total Fees:       $7,255.125      Total Hours:  10.410

## J.     Financial Filings

23.     Time billed to this category relates to the review and analysis of the

Debtor's monthly operating reports.

| | | | |
|---|---|---|---|
| Fees: | $0.00 | Hours: 0.00 | |
| Allocated Fees: | $738.00 | Allocated Hours: .560 | |
| Total Fees: | $738.00 | Total Hours: .560 | |

## K.     Financing

24.     During the Interim Period, the Firm, among other things, reviewed

financing orders and budgets.

| | | | |
|---|---|---|---|
| Fees: | $0.00 | Hours: 0.00 | |
| Allocated Fees: | $478.80 | Allocated Hours: .630 | |
| Total Fees: | $478.80 | Total Hours: .630 | |

## L.     General Creditors Committee

25.     Time billed to this category relates to addressing Committee document

requests.

| | | | |
|---|---|---|---|
| Fees: | $0.00 | Hours: 0.00 | |
| Allocated Fees: | $5,590.55 | Allocated Hours: 7.00 | |
| Total Fees: | $5,590.55 | Total Hours: 7.00 | |

## M.     Insurance Coverage

26.     Time billed to this category relates to the review and analysis of insurance

related issues.

| | | | |
|---|---|---|---|
| Fees: | $0.00 | Hours: 0.00 | |
| Allocated Fees: | $2,036.25 | Allocated Hours: 2.475 | |

Total Fees: $2,036.25    Total Hours: 2.475

## N.    Litigation (Non-Bankruptcy)

27.    Time billed to this category relates to addressing Chinese vendor and tooling issues and reviewing document requests from the Committee.

| | | | |
|---|---|---|---|
| Fees: | $389.50 | Hours: | .50 |
| Allocated Fees: | $0.00 | Allocated Hours: | 0.00 |
| Total Fees: | $389.50 | Total Hours: | .50 |

## O.    Operations

28.    During the Interim Period the Firm addressed shut-off issues with Gexa Energy and analyzed prepetition bond issues regarding North Central.

| | | | |
|---|---|---|---|
| Fees: | $600.00 | Hours: | 0.80 |
| Allocated Fees: | $0.00 | Allocated Hours: | 0.00 |
| Total Fees: | $60.00 | Total Hours: | .80 |

## P.    Retention of Professionals

29.    Time billed to this category relates to (i) the preparation of J. Eisch's retention application; (ii) addressing ordinary course professional issues; (iii) prepared a declaration regarding resignation of representation from LightStar; and (iv) preparing Keen-Summitt's retention application.

| | | | |
|---|---|---|---|
| Fees: | $0.00 | Hours: | 0.00 |
| Allocated Fees: | $7,210.35 | Allocated Hours: | 12.35 |
| Total Fees: | $7,210.35 | Total Hours: | 12.35 |

**Q.     Stay Litigation**

30.     Time billed to this category relates to, among other things: (i) attention to A&J stay settlement; (ii) communications with counsel regarding Ripken claim; and (iii) addressing Expeditors' Canadian ODC goods.

| | | | |
|---|---|---|---|
| Fees: | $727.50 | Hours: | 1.00 |
| Allocated Fees: | $1,363.50 | Allocated Hours: | 2.02 |
| Total Fees: | $2,091.00 | Total Hours: | 3.20 |

**R.     Tax Issues**

31.     Time billed to this category relates to addressing property tax issues.

| | | | |
|---|---|---|---|
| Fees: | $0.00 | Hours: | 0.00 |
| Allocated Fees: | $36.75 | Allocated Hours: | 0.07 |
| Total Fees: | $36.75 | Total Hours: | 0.07 |

### Valuation of Services

32.     Attorneys and paraprofessionals of PSZ&J expended a total of 167.745 hours in connection with their representation of the Debtors during the Interim Period as set forth above.

33.     The nature of work performed by these persons in connection with services related solely to ODC is fully set forth in Exhibit A attached hereto. The nature of work performed by these persons in connection with services related and allocated among all Debtors is fully set forth in Exhibit B attached hereto. The nature of work performed by these persons in connection with services related and allocated among ODC and MLC is fully set forth in Exhibit C attached hereto. These are PSZ&J's normal hourly rates for work of this nature. The

reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $116,982.975.

34.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period December 1, 2015, through December 31, 2015, an interim allowance be made to PSZ&J for compensation in the amount of $116,982.98 and actual and necessary expenses in the amount of $2,689.92 for a total allowance of $119,672.89 (inclusive of allocated amounts) and payment of $93,586.38 (80% of the allowed fees) and reimbursement of $2,689.82 (100% of the allowed expenses) for a total payment of $96,276.30, and for such other and further relief as this Court may deem just and proper.

Dated:  January 25, 2016

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Michael R. Seidl*

Jeffrey N. Pomerantz (CA Bar No.143717)
Maxim B. Litvak (CA Bar No. 215852)
Michael R. Seidl (DE Bar No. 3889)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: 302/652-4100
Facsimile:  302/652-4400
E-mail:jpomerantz@pszjlaw.com
          mlitvak@pszjlaw.com
          mseidl@pszjlaw.com

Counsel for the Debtors

# DECLARATION

STATE OF DELAWARE      :
                                  :

COUNTY OF NEW CASTLE  :

     Michael R. Seidl, after being duly sworn according to law, deposes and says:

a)     I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)     I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Debtors.

c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about November 4, 2015, and submit that the Application substantially complies with such Rule and Order.

*/s/ Michael R. Seidl*
Michael R. Seidl