IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

Re: Docket No. 391, 466

**ORDER PURSUANT TO 11 U.S.C. §§ 327 AND 328(a), FED. R. BANKR. P. 2014 AND 5002, AND LOCAL RULE 2014-1, AUTHORIZING RETENTION AND EMPLOYMENT OF KEEN-SUMMIT CAPITAL PARTNERS LLC AS REAL ESTATE BROKER FOR THE DEBTORS, *NUNC PRO TUNC* TO JANUARY 21, 2016 AND WAIVING CERTAIN REPORTING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(H)**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order under sections 327 and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing the employment and retention of Keen-Summit Capital Partners LLC ("Keen-Summit") to serve as real estate broker for the Debtors, *nunc pro tunc* to January 21, 2016, in accordance with the terms and conditions set forth in that certain retention agreement, dated as of January 21, 2016 (the "Retention Agreement"), with respect to the sale of those certain parcels of real properties listed on Schedule A to the Retention Agreement (the "Real

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (0556); Outdoor Direct Corporation f/k/a The Brinkmann Corporation (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

DOCS_DE:204696.3 10821/005

Properties"); (ii) approving the terms of Keen-Summit's employment, including the fee and expense structure and the indemnification, reimbursement and related provisions set forth in the Retention Agreement; and (iii) approving a waiver of certain reporting requirements pursuant to Local Rule 2016-2(h); and the Court having considered the Application and the Declaration of Harold Bordwin in support of the Application (the "Declaration"); and the Court finding that (A) Keen-Summit (i) does not hold an interest adverse to the interest of the estate with respect to the matters on which it is employed; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (B) the Application and the Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (C) the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and (D) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is GRANTED as set forth herein.

2. Keen-Summit is hereby retained in these cases as real estate broker for the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 and 2016-1, *nunc pro tunc* to the January 21, 2016. In the event that the Debtors seek to retain Keen-Summit to provide services in connection with properties other than the two described in Paragraph 14 of the Application, the Debtors shall file and serve on (a) the Office of the United States Trustee for the District of Delaware (the "U.S.

DOCS_DE:204696.3 10821/005

Trustee"), (b) counsel for the Official Committee of Unsecured Creditors, and (c) parties requesting notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Notice Parties") a notice describing the additional property or properties and any changes to the terms and conditions of the Retention Agreement. Absent a filed objection by any of the Notice Parties within 14 days after service of the notice, the Retention Agreement shall be deemed amended without further order of the Court. In the event that any of the Notice Parties files an objection, and absent other resolution, the Debtors shall notice the matter for further hearing.

3. The terms of the Retention Agreement are reasonable and the Retention Agreement is hereby approved, and Keen-Summit is authorized to perform the Services with respect to the Real Properties described in the Retention Agreement.

4. Keen-Summit's compensation for services rendered shall be a transaction fee equal to five percent (5%) of the Gross Proceeds from any Transaction (as such terms are defined in the Retention Agreement).

5. Keen shall be deemed a Professional under Paragraph 17 of the *Final Order Approving Stipulation Authorizing Use of Cash Collateral by Debtors Outdoor Direct Corporation f/k/a The Brinkmann Corporation and Other Syndicated Facility Debtors* [Docket No. 153] (the "Cash Collateral Order"), as amended from time to time, and entitled to the "carve out" protections provided to Professionals under the Cash Collateral Order.

6. Keen-Summit's compensation under the Retention Agreement with respect to the Transaction Fee shall be subject to the standard of review of section 328(a) of the Bankruptcy Code and not any other standard, including that provided in section 330 of the

- Bankruptcy Code. If and when the Debtors seek bankruptcy court approval for a transaction monetizing the value of one or more of the Debtors' assets pursuant to the terms of the Retention Agreement, the Debtors shall, as part of that application to the Court, seek approval of the payment, on an interim basis, of Keen-Summit's Transaction Fee. Upon such approval by the Court, Keen-Summit shall be paid its Transaction Fees directly from the proceeds of the transaction, in full, off-the-top (prior to disbursements to creditors), simultaneously with the closing or other consummation of such transaction. Notwithstanding the foregoing, the Transaction Fee is subject to this Court's approval of a final fee application; in addition, Keen-Summit shall apply for reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Federal Rules of Bankruptcy

- Procedure, Local Bankruptcy Rules for the District of Delaware, and Orders of the Court, and such other procedures as may be fixed by order of this Court. Notwithstanding anything to the contrary in this Order, the Application, the Engagement Agreement, or the Declaration, the U.S. Trustee shall retain the right and be entitled to object to Keen-Summit's expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. The Debtors and Keen-Summit further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Keen-Summit's reimbursement requests under Bankruptcy Code sections 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee on appeal or otherwise,

- with respect to the reasonableness of Keen-Summit's expenses.

7. The information requirements of Local Rule 2016-2(d) are waived and Keen-Summit shall not be required to keep or submit time records and shall file a final fee application containing a calculation of their compensation under section 328(a), and a summary of the services performed, in accordance with the procedures set forth in the Retention Agreement.

8. For the avoidance of doubt, the rights of all parties in interest in these cases are preserved to object to the request for compensation and reimbursement of expenses requested by Keen-Summit in its final fee application.

9. The indemnification provisions set forth in the Retention Agreement are approved subject during the pendency of the Debtors' bankruptcy cases to the following:

(a) subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, Keen-Summit for any claims arising from, related to, or in connection with the services to be provided by Keen-Summit as specified in the Application, but not for any claim arising from, related to, or in connection with Keen-Summit's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefor are approved by this Court;

(b) Notwithstanding any provisions of the Retention Agreement to the contrary, the Debtors shall have no obligation to indemnify Keen-Summit or provide contribution or reimbursement to Keen-Summit for any claim or expense that is either (i) judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of Keen-Summit, or (ii) settled prior to a judicial determination as to Keen-Summit's willful misconduct, gross negligence, bad faith or self-dealing, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which Keen-Summit should not receive indemnity, contribution or reimbursement under the terms of the Retention Agreement; and

(c) If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11

5

cases, Keen-Summit believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement, including without limitation the advancement of defense costs, Keen-Summit must file an application therefore in this Court, and the Debtors may not pay any such amounts to Keen-Summit before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by Keen-Summit and not a provision limiting the duration of the Debtors' obligation to indemnify Keen-Summit.

10. The provision in paragraph E.3.(d) of the Retention Agreement shall be without force or effect, and Keen-Summit's fees and expenses shall not be entitled to a carve-out for payment pursuant to 11 U.S.C. § 506(c).

11. During the course of the Debtors' bankruptcy cases, any limitation of liability provision in the Retention Agreement shall be without force or effect.

12. In the event that, during the pendency of these cases, Keen-Summit seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Keen-Summit's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code; provided, however, that Keen-Summit shall not seek reimbursement of any fees incurred defending any of Keen-Summit's fee applications in these cases.

6

13. Notwithstanding anything to the contrary in the Retention Agreement or the Application, Keen-Summit shall have whatever duties are imposed upon it under applicable law to the Debtors' creditors and other parties in interest in the Debtors' bankruptcy cases.

14. Notwithstanding anything to the contrary in the Retention Agreement or the Application, no trustee successor to the Debtors shall be required to maintain or continue the employment of Keen-Summit.

15. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order and none of the Debtors or Keen-Summit shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this Order.

Dated: February 22, 2016

Honorable Kevin Gross
United States Bankruptcy Judge