IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MALIBU LIGHTING CORPORATION, et al.,[1] | Case No. 15-12080 (KG) |
| Debtors. | (Jointly Administered) |
| | Related to Docket Nos. 1224, 1267 |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT;
(II) SCHEDULING CONFIRMATION HEARING; (III) APPROVING
FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING;
(IV) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION
OF VOTES TO ACCEPT OR REJECT PLAN, INCLUDING (A) APPROVING FORM
AND CONTENT OF SOLICITATION PACKAGE; (B) ESTABLISHING VOTING
RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF
SOLICITATION PACKAGES; (C) APPROVING FORMS OF BALLOTS;
(D) ESTABLISHING VOTING DEADLINE FOR RECEIPT OF BALLOTS;
AND (E) APPROVING PROCEDURES FOR VOTE TABULATIONS;
(V) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS
TO CONFIRMATION OF PLAN; AND (VI) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Disclosure Statement in Respect of Debtors' and the Official Committee of Unsecured Creditors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") [D. I. 1267] and the motion (the "Motion") [D. I. 1224] for the entry of an order: (i) approving the Disclosure Statement; (ii) scheduling the Confirmation Hearing (as defined below); (iii) approving the form and manner of notice of the Confirmation Hearing; (defined below); (iv) establishing procedures for solicitation and tabulation of votes to accept or reject the *Debtors' and the Official Committee of Unsecured*

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (0556); Outdoor Direct Corporation f/k/a The Brinkmann Corporation (9246); NC Estate Corporation f/k/a National Consumer Outdoors Corporation. (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is P.O. Box 5960, Frisco, TX 75035.

*Creditors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated May 19, 2017 [D. I. 1266] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan"),[2] filed by the above captioned debtors (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 cases (the "Committee" and, together with the Debtors, (the "Plan Proponents") including (A) establishing a Voting Record Date and approving procedures for distributing Solicitation Packages; (B) approving the form and content of the Debtors' proposed Solicitation Package, including Ballots; (C) establishing a voting deadline for receipt of Ballots; and (D) approving procedures for tabulating acceptances and rejections of the Plan; (v) establishing the deadline and procedures for filing objections to confirmation of the Plan; and (vi) granting related relief; and after considering objections to the Motion, if any; and upon the record and after due deliberation thereon; and the Court finding that proper and adequate notice of the hearing on approval of the Disclosure Statement and of the Motion has been given to all parties in interest, and no other or further notice or hearing being necessary; and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY FOUND, ORDERED AND ADJUDGED as follows:

1. The Motion is GRANTED as provided herein.

---

[2] Unless otherwise defined in this Order, all capitalized terms used herein shall have the respective meanings ascribed to them in the Motion or Plan, as applicable.

### Approval of the Disclosure Statement

2. Notice of the Disclosure Statement, substantially in the form attached hereto as <u>Exhibit 1</u>, served on all known creditors and parties in interest on May 19, 2017, constitutes adequate and sufficient notice of the (a) Disclosure Statement Hearing, (b) the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) can be obtained, and (c) the time fixed for filing objections to the Disclosure Statement, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

3. The Disclosure Statement contains "adequate information" regarding the Plan within the meaning of Section 1125 of the Bankruptcy Code. Therefore, the Disclosure Statement is approved pursuant to 11 U.S.C. § 1125(b) and Fed. R. Bankr. P. 3017(b).

4. The Disclosure Statement, including all applicable exhibits thereto, provides the Holders of Claims against and equity security interests in the Debtors and all other parties in interest with sufficient notice of the release, injunction, and limitation of liability provisions of the Plan, in satisfaction of Bankruptcy Rule 3016(c).

5. All objections to the adequacy of the Disclosure Statement, if any, are, to the extent not consensually resolved as set forth herein, OVERRULED in their entirety.

### Confirmation Hearing

6. The hearing to consider confirmation of the Plan shall commence on July 26, 2017 at 2:00 p. m. (prevailing Eastern Time) (the "<u>Confirmation Hearing</u>"). The Confirmation Hearing may be continued from time to time by announcing such continuance in

open court or otherwise, all without further notice to parties in interest, and the Plan may be modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of, the Confirmation Hearing, without further notice to interested parties.

### Approval of Solicitation Packages

7. The Solicitation Package, which shall contain the following information, is hereby approved:

    a. the Confirmation Hearing Notice;

    b. a letter from the Committee indicating its support of the Plan (the "Committee Letter"); and

    c. the Ballot, and a Ballot return envelope.

8. The Plan Proponents shall transmit, or cause to be transmitted, the Solicitation Packages, no later than five (5) business days after entry of this Order, by first-class, United States mail (or by international courier if the addresses are not located in the United States), to holders of Class 3(A-B) (Tooling Claims); Class 4(A-C) (JBBI Secured Claims); and Class 5(A-C) (General Unsecured Claims), the only classes entitled to vote on the Plan (together, the "Voting Classes").

9. The Plan Proponents are not required to distribute paper copies of the Plan and Disclosure Statement unless a holder of a Claim makes a specific request for copies of such documents at least three (3) business days before the Voting Deadline, to: Malibu Lighting Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, or by calling (866) 967-0499, or by emailing

malibuinfo@kccllc.com. The Plan Proponents will make the Plan and Disclosure Statement available in electronic format online at https://www.kccllc.net/malibu.

10. To avoid duplication and reduce expenses, the Plan Proponents may serve only one Solicitation Package to each creditor who has more than one claim, but shall include the appropriate Ballots for each class of Claim. For the avoidance of doubt, the Plan Proponents may serve only one Solicitation Package to a creditor who has filed substantially identical claims against multiple Debtors.

11. Pursuant to Bankruptcy Rule 3017(d), the Plan Proponents are not required to transmit a Solicitation Package holders of claims in Class 1(A-C) (Priority Non-Tax Claims) and Class 2(A-C) (Miscellaneous Secured Claims) and holders of equity security interests in Class 6(A) (Equity Interests) and 6(B) (Subsidiary Equity Interests) (collectively, the "Non-Voting Classes"). The Plan Proponents shall transmit or cause a notice of non-voting status (the "Non-Voting Class Notice") to be transmitted no later than five (5) business days after entry of this Order, by first-class United States mail (or by international courier if the addresses are not located in the United States), to each holder of a claim or interest in the Non-Voting Classes, at the address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g). The Non-Voting Class Notice shall be substantially in the form attached hereto as Exhibit 2. The Non-Voting Class Notice will indicate that accepting Non-Voting Classes are entitled to receive a copy of the Plan and Disclosure Statement, in electronic format unless specifically requested otherwise, at the expense of the Debtors, upon request. The Non-Voting

Class Notice shall be deemed a summary of the Plan for purposes of compliance with Bankruptcy Rule 3017(d).

12. The Committee Letter, substantially in the form as the attached Exhibit 3 is approved.

### Approval of Form and Manner of Notice of Confirmation Hearing

13. The Confirmation Hearing Notice, in substantially the form attached hereto as Exhibit 4, is approved. As set forth above, the Confirmation Hearing Notice shall be included in the Solicitation Package. The Confirmation Notice shall be sent no later than five (5) business days after entry of this Order via United States mail (or by international courier or electronic transmission if the Plan Proponents have no physical mailing address for the creditor) to all other creditors and parties in interest who have not been served a Solicitation Package. In addition, the Plan Proponents shall serve the Confirmation Hearing Notice upon (a) the Securities & Exchange Commission; (b) the Internal Revenue Service; (c) the Office of the United States Trustee; and (d) those parties that have requested service under Bankruptcy Rule 2002.

14. The Plan Proponents are authorized, in their discretion, to publish the Confirmation Hearing Notice in the national edition of USA Today or a similar paper of national circulation and are authorized to pay any expenses and costs related thereto.

**Voting Record Date and Approval of Procedures for Distribution of Solicitation Packages**

15. June 14, 2017, shall be the voting record date (the "Voting Record Date") for purposes of determining which parties are entitled to receive the Solicitation Packages or the Non-Voting Class Notice and, where applicable, vote on the Plan.

16. Kurtzman Carson Consultants LLC ("KCC" or the "Solicitation Agent") shall serve the Solicitation Package and notices regarding the Confirmation Hearing; inspect, monitor and supervise the solicitation process; serve as the tabulator of the ballots; and certify to the Court the results of the balloting.

17. The Plan Proponents and/or the Solicitation Agent, shall serve the Solicitation Packages or Non-Voting Class Notices as applicable, (i) to the address included in the last filed proof of claim, or (ii) if no such address, to the address listed in any request for notice or other pleading filed in the Bankruptcy Court, or (iii) if no such address, to the last known address in the Debtors' books and records; *provided, however*, that the Plan Proponents and/or the Solicitation Agent are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Class Notices to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service. The Plan Proponents and/or the Solicitation Agent are further relieved of any obligation to attempt to locate the correct address and resend prior to the Voting Deadline the Solicitation Packages or the Non-Voting Class Notice that are returned as undeliverable.

18. In cases where a party has executed a Ballot in accordance with the terms of this Order, and has indicated corrections or updates to the mailing address used in the service

of the Solicitation Package, either physically on the face of the Ballot or otherwise separately enclosed with the Ballot, the corrected or updated mailing address shall be used to reflect the mailing address of the creditor on the official register of Claims against the Debtors.

### Approval of Form of Ballots

19. The Ballots, substantially in the form attached hereto as Exhibit 5, are approved.

### Deadline for Receipt of Ballots

20. Unless extended by the Plan Proponents or their counsel in writing, Ballots must be received on or before July 19, 2017 at 4:00 p.m. (prevailing Pacific Time) (the "Voting Deadline"), to KCC at the following address:

> Malibu Lighting Balloting Processing Center
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245

21. Ballots received by facsimile, email, or other electronic transmission will not be counted unless approved by the Plan Proponents.

### Procedures for Vote Tabulation

22. Votes may not be changed after the Voting Deadline unless the Court, for cause, permits such change after notice and hearing pursuant to Bankruptcy Rule 3018(a).

23. Ballots must be properly executed and counted. Any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim will not be counted.

24. The following tabulation procedures are approved solely for purposes of voting on the Plan:

a. If an objection to a Claim has not been filed, the amount of such Claim for voting purposes shall be the non-contingent, liquidated, and undisputed Claim amount contained on a timely filed proof of Claim or, if no timely filed proof of Claim was filed, the non-contingent, liquidated, and undisputed amount of such Claim listed in the Debtors' Schedules;

b. If a Claim for which a proof of Claim has been timely filed is wholly contingent, unliquidated, disputed, undetermined, or unknown in amount, such Claim shall be temporarily allowed in the amount of $1.00 for voting purposes only, but not for purposes of allowance or distribution;

c. If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

d. If a holder of a Claim in a Voting Class casts a Ballot with respect to a claim that is the subject of an objection filed no later than twenty-one (21) days prior to the Confirmation Hearing, the Plan Proponents request, in accordance with Bankruptcy Rule 3018, that the party's Ballot not be counted, unless the Court temporarily allows such claim for purposes of voting to accept or reject the Plan, and that such creditor be required to file a motion for such relief (the "Rule 3018 Motion") no later than a date that is fourteen (14) days before the Confirmation Hearing, and that the Court schedule a hearing on such motion for a date on or prior to the Confirmation Hearing. Notwithstanding the foregoing, if either of the Plan Proponents file an objection to a claim and request that such claim be allowed in a specific amount, such creditor's Ballot shall be counted in such specified amount;

e. Holders of proofs of Claim filed for $0.00 are not entitled to vote;

f. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more duplicate Claims within the same Class against multiple Debtors shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether either of the Plan Proponents have objected to such duplicate Claims;

g. If a Claim is the subject of an amended proof of Claim, the originally filed proof of Claim shall be deemed superseded by the later filed amended proof of Claim, regardless of whether or not the Debtors have objected to such Claim, and only the amended proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein;

h. For purposes of the numerosity requirement of § 1126(c), separate Claims held by a single Creditor in a particular Class shall be aggregated as if such Creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

i. If a Claim has been disallowed by agreement of the applicable creditor or order of the Court at any time before the Voting Deadline, such Claim shall also be disallowed for voting purposes; and

j. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

25. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a. Except to the extent the Plan Proponents otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Plan Proponents in connection with the confirmation of the Plan;

b. Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

c. Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

d. Any executed Ballot that indicates both an acceptance and rejection of the Plan shall not be counted;

e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f. Parties holding Claims in more than one Class under the Plan shall receive more than one Ballot coded for each different Class;

g. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h. Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email, or any

other electronic means will not be accepted unless otherwise ordered by the Court;

i. No Ballot sent to the Plan Proponents, or the Plan Proponents' financial or legal advisors, shall be accepted or counted;

j. The Plan Proponents expressly reserve the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Plan Proponents make material changes in the terms of the Plan, the Plan Proponents will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Court;

k. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

l. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Plan Proponents, must submit proper evidence, satisfactory to the Plan Proponents, of such person's authority to so act in such capacity;

m. The Plan Proponents, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Plan Proponents may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

n. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Plan Proponents, which determination shall be final and binding;

o. If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

p. Any Holder of a Claim that has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

q. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be

deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

r. Neither the Plan Proponents nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

s. No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

t. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and/or to opt out of the release; and

u. The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

26. The Solicitation Agent shall file with the Bankruptcy Court, no later than three (3) business days prior to the Confirmation Hearing an affidavit regarding the results of the tabulation of the Ballots received on the Plan. The report of Plan voting will include a list of all votes cast for and against the Plan as well as those votes cast but not counted and shall state the reason why a vote was not counted.

27. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

### Deadline and Procedures for Filing Objections to Confirmation of the Plan and the Confirmation Brief

28. Objections to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party, including the amount of the claim or number of shares of stock held; and (c) state with particularity the basis and nature of any objection to the confirmation of the Plan. Any such

objection must be filed with the Court and served so that it is received by the following parties on or before July 19, 2017, at 4:00 p.m. (prevailing Eastern Time) (the "Confirmation Objection Deadline"): (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Jeffrey N. Pomerantz; Esq.; Joshua M. Fried; Esq. and James O'Neill; Esq.; (b) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Casey, Esq.; and (c) counsel to the Official Committee of Unsecured Creditors, (i) (a) Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Bruce Nathan, Esq.; and Eric S. Chafetz, Esq.; and (b) Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, DE 19801, Attn: Victoria A. Guilfoyle, Esq.

29.    All objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived and will not be considered by this Court.

30.    The Plan Proponents shall file at least three (3) business days before the Confirmation Hearing a brief supporting confirmation of the Plan (including any supporting memoranda) and replying to objections or responses. The Plan Proponents shall serve the brief on parties that filed objections to the Plan, the Office of the United States Trustee, and all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002.

31.    Prior to mailing the Disclosure Statement, Solicitation Packages, or the Non-Voting Class Notices, the Plan Proponents may fill in any missing dates or other information, correct any typographical errors, and make such other non-substantive changes as they deem necessary.

32. The Plan Proponents and the Solicitation Agent are authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate this Order.

33. This Court retains jurisdiction over any and all matters arising out of or relating to the interpretation or implementation of this Order.

Dated: June 15, 2017

_Kevin Gross_
Hon. Kevin Gross
United States Bankruptcy Judge